393 A.2d 26

**COMMONWEALTH of Pennsylvania**

v.

**Ferdinand MATLOCK, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 18, 1978.

Decided Oct. 27, 1978.

522

Ferdinand Matlock, I. P. P., for appellant.

Gerald R. Solomon, Dist. Atty., Uniontown, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

This is a direct appeal from the judgment of sentence of murder of the second degree entered July 8, 1977 in the Court of Common Pleas of Fayette County. The evidence introduced by the Commonwealth discloses the following: Appellant had been separated from his wife for several months. Since the separation, his wife had been seeing another man, the victim, Wayne Stermack. On May 13, 1974, appellant was drinking in a bar when witnesses overheard him remark that he "was going over to see his wife and the guy sleeping with her and was going to blow them away." Appellant then went to his wife's house, and entered, whereupon his wife and the victim ran outside the house. Appellant pursued Stermack and shot him twice in the back of the head. Death was immediate.

At trial, two witnesses testified that, shortly after the shooting occurred, appellant remarked to them that he had just shot his wife's boyfriend in the head and that he was looking for his wife to shoot her next. Within an hour of the shooting, appellant turned himself in to the state police, and voluntarily gave an oral statement to a state trooper who transcribed the statement. Appellant's statement admitted shooting Stermack and attempting to shoot his wife.

The only evidence offered in appellant's behalf was his own testimony. He denied making *any* of the incriminating

statements and claimed the shooting was in self-defense. He asserted that the victim (who was found with a gun in his *pants* pocket) reached for a gun in his *shirt* and that he (appellant) fired in self-defense. He further explained that the bullets lodged in the *back* of the victim's head because the victim turned his head as he reached for the gun in the shirt. Notwithstanding the self-defense assertion, the evidence against appellant was overwhelming.

The two issues raised in this appeal have been generated by the trial court's instruction to the jury. The trial court instructed the jury that they could return one of four possible verdicts: acquittal, murder of the first degree, murder of the second degree or voluntary manslaughter. The instruction as to murder of the first degree is not here at issue. However, as to murder of the second degree, the trial judge stated:

"[e]very case of murder that is not of the first degree is necessarily of the second degree. Murder of the second degree is an unlawful and malicious killing, but where no intent to kill exists or can reasonably be inferred from the circumstances. In all cases of murder where no intention to kill can be inferred or collected from the circumstances, the verdict should be murder of the second degree."

The problem with the court's instructions is that they follow the pre-1974 definitions for murder. The pre-1974 definitions are set forth in the Act of December 6, 1972, No. 334, § 2 (18 Pa.C.S.A. § 2502 (main text)) which provided the following:

(a) Murder of the first degree.—A criminal homicide constitutes murder of the first degree when it is committed by means of poison, or by lying in wait, or by any other kind of willful, deliberate, and premeditated killing. A criminal homicide constitutes murder of the first degree if the actor is engaged in or is an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary, or kidnapping.

(b) Murder of the second degree.—*All other kinds of murder shall be murder of the second degree.* Murder of the second degree *is a felony of the first degree.* (emphasis added).

The instruction was wrong because the definitions for murder had been amended by the Act of March 26, 1974, P.L. 213 No. 46, § 4 (18 Pa.C.S.A. § 2502 (supp. 1978–79)). This amendment, which was in effect on May 13, 1974 when the murder occurred, provides for three degrees of murder:

(a) Murder of the first degree.—A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

(b) Murder of the second degree.—A criminal homicide constitutes murder of the second degree when the death of the victim occurred while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

(c) Murder of the third degree.—*All other kinds of murder shall be murder of the third degree.* Murder *of the third degree is a felony of the first degree.*

A proper instruction should have instructed the jury on murder of the first degree, murder of the third degree, manslaughter and acquittal. Since there was no evidence of a separate felony, a charge on murder of the second degree, (felony-murder) would have been inappropriate.

■ Appellant first argues that his conviction was unlawful because, given the judge's instructions on pre-1974 murder of the second degree, he was convicted under a repealed statute and, therefore, the court lacked jurisdiction to hear the case under the repealed statute.[1] We perceive no jurisdictional problem. The court of common pleas has jurisdiction to hear murder cases. The legislature did not repeal the crime of murder, they merely changed the definitions. The appellant was charged and tried for murder generally,

1. This issue was undoubtedly waived. No objection was made to the instructions. Further, neither counsel's post-verdict motions nor appellant's own *pro se* post-trial motions raised this issue. However since the issue is framed as a jurisdictional one which can be raised at any time, even by the appellate court *sua sponte,* we will address the issue.

not for "murder of the second degree under the 1972 definitions." Clearly, the court had jurisdiction to hear the case and the jurisdiction was not affected by the erroneous charge to the jury.

Even though the charge was technically erroneous, the error was harmless beyond a reasonable doubt. The amendment to the Crimes Code in 1974 made "murder committed in perpetration of a felony" murder of the second degree. Under the pre-1974 scheme, felony murder (for certain specific felonies) was included in murder of the first degree. Having established a separate label for felony murder, the legislature created a new label for "all other kinds of murder," namely murder of the third degree. Thus, the legislature did not alter the "all other kinds of murder" category they simply changed the label from murder of the second degree to murder of the third degree.

It is clear that the jury meant to convict appellant of murder in the "all other kinds" category but, because of the judge's error, placed the pre-1974 label on the crime and called it "second degree murder." Given the virtually identical definitions of pre-1974 murder of the second degree and present murder of the third degree, the jury verdict should have been (and truly in fact was) for murder of the third degree.

And, since pre-1974 murder of the second degree and present murder of the third degree were/are both felonies of the first degree carrying, then and now, a maximum sentence of 20 years, appellant was not harmed by the erroneous label. (Appellant was sentenced to prison for a term of 8 to 16 years.) Since appellant was not harmed by the court's instructions, his conviction need not be reversed. However, to set the record straight, we shall direct the prothonotary of the Court of Common Pleas of Fayette County to modify appellant's conviction by changing it to murder of the third degree, under the authority of the Judicial Code, 42 Pa.C.S.A. § 706 (special pamphlet 1978).

Appellant's second contention is that, since murder of the second degree is felony murder under the 1974 amendments,

the evidence is insufficient to convict him of that crime since there is absolutely no evidence in the record demonstrating that he committed the murder while perpetrating a felony. For the reasons discussed in the previous issue, this argument is without merit.

Judgment of sentence affirmed with directions to the Court of Common Pleas of Fayette County to change the label on the judgment to murder of the third degree.

MANDERINO, J., concurs in the result.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

Neither appellant nor the Commonwealth has requested this Court to change the verdict entered prior to sentence in this case. Nonetheless, the majority *sua sponte* administers this extraordinary relief by directing the Prothonotary of the Court of Common Pleas of Fayette County to change the jury's verdict from murder of the second degree to murder of the third degree. I dissent and would affirm judgment of sentence.