407 A.2d 32

**COMMONWEALTH of Pennsylvania**

v.

**Gerald Frank ULATOSKI, Appellant.**

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided July 6, 1979.

Petition for Allowance of Appeal Denied Oct. 26, 1979.

*ux., et al. v. Webster*, 32 Dauphin Co. 312 (1929) *Commonwealth v. Ulrich*, 16 Lanc.L.R. 300 (1899).

522

---

Richard P. Joseph, Pittsburgh, for appellant.

John Lee Brown, Jr., Assistant District Attorney, Beaver, for Commonwealth, appellee.

Before VAN der VOORT, LARSEN and LAVELLE, JJ.*

LAVELLE, Judge:

On June 23, 1975 appellant was found guilty of murder of the third degree,[1] and he was later sentenced to undergo imprisonment for not less than ten, nor more than twenty years. His conviction and sentence was affirmed by the Supreme Court in *Commonwealth v. Ulatoski*, 472 Pa. 53, 371 A.2d 186 (1977). Appellant subsequently filed a Post Conviction Hearing Act petition, and, following a hearing, relief was denied. It is from that denial that appellant not appeals, raising two issues, each of which concern the ineffectiveness of trial counsel:

1) whether the lower court erred in not finding that trial counsel was ineffective for failing to object to prejudicial comments by the prosecutor during his summation;

2) whether the Post Conviction Hearing Act court erred in not finding that trial counsel was ineffective in failing to request a charge on voluntary manslaughter and involuntary manslaughter.

In his closing argument, the prosecutor said: "The one witness that could tell us what happened and would tell us the truth I could not call because on February 4, 1975 she was given a trial, found guilty, and summarily executed by Judge Ulatoski." Without doubt, an objection to the foregoing statement would have been sustained and a mistrial would probably have resulted.

---

* *Justice ROLF LARSEN of the Supreme Court of Pennsylvania and Judge JOHN E. LAVELLE of the Court of Common Pleas of Schuylkill County, Pennsylvania, are sitting by designation.*

1. *Appellant's conviction was based on evidence that he shot and killed his wife. His principal defense was that the shooting was accidental.*

However, the Post Conviction Hearing Act court carefully reviewed the record of the hearing and concluded: ". . . the petitioner's counsel firmly believed that the trial had progressed well and that his client stood a very good chance of being acquitted by the jury. Also, petitioner's counsel felt that the entire tenor of the Commonwealth's closing would enhance the probability of an acquittal. Essentially, he believed that the comments of the prosecutor constituted 'overkill' and as such would rebound to the benefit of his client. . . . Based on the trial's progress and his experience in general, petitioner's counsel believed that the petitioner had, at that time, the best chance of being acquitted he would ever receive. Hence, he took a reasonably calculated risk and allowed the case to go to this jury. Considering the uncertainties inherent in a new trial, counsel's decision to undertake a reasonably calculated risk rather than request a mistrial cannot be said to have had no reasonable basis."

Even if a mistrial could have been secured, trial counsel had reasonably concluded that the presentation of the defense had gone well and had been favorably received by the jury and that his client stood a good chance with the jury without risking a mistrial. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). It should be noted that the offensive commentary in this case is limited to a single remark, albeit an improper remark. Hence, the single objectionable statement before this court differs grossly from the multitudinous impermissible and unprofessional remarks, which provoked the court to hold the failure to object as ineffective representation in *Commonwealth v. Pfaff*, 477 Pa. 461, 384 A.2d 1179 (1978). Additionally, a reasonable rationale was offered by defense counsel in this case for failing to object and to request a mistrial, and hence, presents a different situation from that presented in *Commonwealth v. Evans*, 479 Pa. 100, 387 A.2d 854 (1978) where the only excuse offered for failing to object was that the offensive remarks did not seem particularly effective. See

also, *Commonwealth v. Long*, 258 Pa.Super. 312, 392 A.2d 810 (1978).

■ Hence, under the circumstances presented in this case, failure of defense counsel to object to a solitary offensive remark did not amount to ineffective representation, where he had a reasonable basis for not objecting. *Commonwealth v. Hubbard*, supra.

■ Appellant's contention that trial counsel was ineffective in not requesting instructions on voluntary manslaughter and involuntary manslaughter are also without merit.

The Post Conviction Hearing Act court found from evidence produced at the hearing that trial counsel, "by limiting the jury's options (to murder of the third degree or acquittal) . . . firmly believed that the jury would acquit his respectable client rather than brand him a murderer. Voluntary manslaughter was eliminated as a possible verdict in order to prevent the jury from reaching a compromise verdict in the event they found some blame in the (defendant's) conduct, yet were unwilling to label it murder." Hence, trial counsel had a reasonable basis for his failure to request such an instruction and his failure to do so cannot be labeled as ineffective representation. *Commonwealth v. McGrogan*, 449 Pa. 584, 589, 297 A.2d 456, 459 (1972).

■ Nor was trial counsel ineffective in failing to request a charge on involuntary manslaughter, since at the time of appellant's trial in June of 1975 involuntary manslaughter was not a permissible verdict on a murder indictment. Of course, the law on this issue has changed since June of 1975,[2] and trial counsel cannot be deemed ineffective for failing to predict future developments in the law. *Commonwealth v. Triplett*, 476 Pa. 83, 89–90, 381 A.2d 877, 881 (1977).

Affirmed.

2. *Commonwealth v. Moore, 463 Pa. 317, 344 A.2d 850 (1975) (plurality opinion) was decided approximately three months after appellant's trial and hence, is inapplicable.*