581 A.2d 230

**COMMONWEALTH of Pennsylvania**

**v.**

**John Henry ORT, Appellant.**

Superior Court of Pennsylvania.

Submitted April 30, 1990.

Filed Oct. 19, 1990.

476

Francis M. Socha, Harrisburg, for appellant.

Deborah S. Essis, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before ROWLEY, TAMILIA and BROSKY, JJ.

478

ROWLEY, Judge:

This is an appeal by John Henry Ort from an order denying his first Post Conviction Relief Act Petition, 42 Pa.C.S. § 9541 *et seq.*, without a hearing. In 1986, appellant was sentenced to life imprisonment following his conviction by a jury of second degree murder for the death of a person killed in an arson-connected fire of a building. The Superior Court affirmed appellant's conviction in a direct appeal, and the Supreme Court denied his petition for allowance of appeal. In April, 1989, appellant filed the instant pro-se PCRA petition. New counsel was appointed to represent him, and an amended petition was filed. The petition was denied without a hearing, and this appeal followed.

On appeal, appellant raises four arguments: 1) was trial counsel ineffective for failing to request a voluntary manslaughter jury instruction; 2) was trial counsel ineffective for failing to request a jury instruction on third degree murder; 3) was trial counsel ineffective for failing to object to the jury instruction on the issue of the voluntariness of appellant's confession; and 4) was trial counsel ineffective for failing to object to the cross examination of appellant regarding prior fires. Having thoroughly reviewed the record and the arguments of counsel, we affirm.

To be eligible for relief under the PCRA on the basis that counsel provided ineffective assistance, a petitioner must establish that his conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). However, in order to establish in the first instance that counsel was ineffective, the petitioner must demonstrate that the underlying issue has arguable merit, and that counsel had no reasonable basis for failure to make the objections which petitioner now claims should have been made. In addition, the petitioner must establish that he was prejudiced as a result of the ineffective assistance of counsel. *Common-*

*wealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). Appellant has failed to establish that there is merit to any of his underlying claims of ineffectiveness of counsel.

Appellant's first and second arguments are similar: trial counsel was ineffective for failing to request a jury instruction on third degree murder and voluntary manslaughter, which failure resulted in depriving the jury of the opportunity to exercise their "mercy dispensing" powers. While at one time the undisputed rule in Pennsylvania was that upon request, a defendant charged with homicide is entitled to jury instructions on all the elements of the lesser degrees of homicide regardless of whether there was evidence to support a verdict on a lesser degree of homicide, see e.g., *Commonwealth v. Jones,* 457 Pa. 563, 319 A.2d 142 (1974), *cert. denied,* 419 U.S. 1000, 95 S.Ct. 316, 42 L.Ed.2d 274 (1974), the Supreme Court itself has made inroads on the rule and questioned its continuing validity. *Commonwealth v. Carter,* 502 Pa. 433, 466 A.2d 1328 (1983) ("unreasonable belief" voluntary manslaughter instruction must be given only where requested and only where the evidence would reasonably support such a conclusion); *Commonwealth v. Frey,* 504 Pa. 428, 475 A.2d 700 (1984) ("there is little or no vitality left to this practice ...").

We find it unnecessary to address the question of whether the rule in fact has ceased to exist in Pennsylvania because of the procedural posture of the instant case. In at least those cases where the question of instructing the jury on lesser degrees of homicide has been raised in the guise of a claim of ineffective assistance of counsel, no relief has been granted in the absence of some evidence existing in the record to support the lesser degree of homicide. *Commonwealth v. Carter, supra; Commonwealth v. Ulatoski,* 267 Pa.Super. 521, 407 A.2d 32 (1979).

In *Carter,* the appellant filed a direct appeal from a judgment of sentence for third degree murder. He argued that his trial counsel was ineffective for failing to object when the trial court instructed the jury only on "heat of passion" voluntary manslaughter [18 Pa.C.S. § 2503(a)],

and not on "unreasonable belief" voluntary manslaughter [18 Pa.C.S. § 2503(b)]. The appellant argued that regardless of the nature of the evidence actually presented, a defendant charged with murder "has an unconditional right on request to an instruction on the complete statutory definition of the offense of voluntary manslaughter." *Carter, id.,* 502 Pa. at 439, 466 A.2d at 1330, quoting *Commonwealth v. Manning,* 477 Pa. 495, 499, 384 A.2d 1197, 1199 (1978). The court noted that in *Manning,* it had extended the ruling in *Commonwealth v. Jones,* 457 Pa. 563, 319 A.2d 142 (1974), *cert. denied,* 419 U.S. 1000, 95 S.Ct. 316, 42 L.Ed.2d 274 (1974). However, in *Carter,* the Court stated "by viewing *Jones* as mandating a like result in *Manning,* we overlooked not only the change in our statutory law *but also the salutary rule that 'a trial court should not instruct the jury on legal principles which have no application to the facts presented at trial.' ... [T]he vitality of the rationale that an instruction on the lesser-included offense must always be given regardless of the evidence in support of the offense is disputable."* *Carter, id.,* 502 Pa. at 440, 442, 466 A.2d at 1332 (emphasis added).

In *Carter,* the Commonwealth sought to prove a premeditated killing. Appellant's defense was that the firearm accidentally discharged during a struggle between himself, his girlfriend/victim, and his girlfriend's brother, who was the victim who died. Because this defense had no rational relationship to the imperfect self-defense theory of § 2503(b) which appellant thought his counsel should have requested the court to instruct the jury with, appellant was not entitled to the instruction, and his counsel was not ineffective for not requesting it.

In *Ulatoski,* the defendant appealed from an order denying him post-conviction relief following his conviction of third degree murder. Appellant argued that his counsel was ineffective for not requesting the court to instruct the jury on voluntary and involuntary manslaughter. Following a hearing on the ineffective assistance of counsel at which trial counsel testified, the court concluded that trial

counsel believed that the jury would acquit his client if he limited the jury's options to third degree murder or acquittal. Based on this conclusion, the court found that counsel had a reasonable basis for his decision not to seek the additional instructions for the jury, and counsel was therefore not ineffective.

In the instant case, the record reveals that counsel knowingly and deliberately did not seek a jury instruction on either third degree murder or voluntary manslaughter, and there was no evidence which would support a conviction of either of these lesser degrees of homicide. Prior to trial, the Commonwealth advised the court that it was not proceeding on a first degree murder theory. In response, defense counsel stated, "I would only ask that the record reflect my request that Mr. Kleinfelter's (the prosecutor's) exclusion of the first degree murder theory not automatically exclude any other homicide theory that might arise. I have trouble seeing any but if any should I'd still like to have those brought before the jury." N.T. pp. 28–29. Near the conclusion of the trial and before the jury was charged, the court asked counsel what degrees of murder he wanted the jury to be instructed with. Counsel responded by saying second degree murder and involuntary manslaughter. The court then questioned, "You're not requesting a charge on third degree murder?" and counsel responded, "No. I don't see where third degree or voluntary manslaughter can be at all appropriate." N.T. p. 203.

Appellant's defense in this case was that he did not set the fire which caused the homicide. There was no evidence of third degree murder: either appellant set the fire, and therefore was guilty of second degree murder, or he did not set the fire and was not guilty of any homicide. Trial counsel's statement, following the presentation of evidence in this case, that a third degree murder instruction was inappropriate, was reasonable in light of the defense which appellant chose to present.

Similarly, since appellant's defense was that he did not set the fire, a claim that the killing was only voluntary

manslaughter, either because it occurred in the "heat of passion" or because it was an "unreasonable belief" killing, would have been entirely inconsistent with the position taken by appellant at trial. No evidence was presented to establish that the fire was set by appellant while he labored under the unreasonable belief that the killing was justified, and no evidence was presented that the fire was set in the heat of passion.

Since the record shows that counsel deliberately chose not to seek a third degree murder instruction and a voluntary manslaughter instruction, and since the record evidences the reasonableness of that tactical decision, the instant case is materially indistinguishable from *Carter*, where there was no evidence to support the lesser charge of homicide, and therefore counsel was not ineffective for not requesting it, or *Ulatoski*, where counsel tactically calculated that a charge on the lesser degree of homicide would have hurt his client. There being no evidence in this case to warrant the third degree murder or voluntary manslaughter instructions, and counsel having deliberately made a tactical decision not to seek those instructions, we find that there is no merit to the claim that counsel was ineffective for failing to request the instructions on third degree murder and voluntary manslaughter.

Appellant's third argument is that counsel was ineffective for failing to object to the court's inaccurate jury instruction regarding the voluntariness of appellant's confession. This argument is premised on the theory that the trial court failed to instruct the jury that the Commonwealth had the burden of proving by a preponderance of the evidence that the confession was voluntary. Since the trial court adequately instructed the jury, there is no merit to this underlying claim, and counsel was not ineffective for failing to object to the court's charge.

A trial court's charge to the jury will be upheld so long as it adequately and accurately reflects the law and guides the jury in its deliberation. *Commonwealth v.*

*Person,* 345 Pa.Super. 341, 498 A.2d 432 (1985). The trial court instructed the jury in this case as follows:

> Before you may consider the statement as evidence against the Defendant you must find two things. You must find first that a crime was in fact committed; and secondly, that it was voluntary.
>
> *        *        *        *        *        *
>
> Secondly, you may not consider the statement as evidence against the Defendant unless you find that he made the statement voluntarily. The word voluntarily has a special meaning in the law which I'll now talk to you about. The basic test of voluntariness is this. To be voluntary a Defendant's statement must be the product of a rational mind and a free will. The Defendant must have a mind capable of reasoning about whether to make a statement or say nothing and he must be allowed to use his mind in that way.
>
> This does not mean that a statement is involuntary merely because the Defendant made a hasty or a poor choice and might have been wiser to say nothing. Nor does it mean that a statement is involuntary merely because it was made in response to searching questions. It does mean, however, that if a Defendant's mind and will were confused or burdened by promises of advantage, by threats, by physical or psychological abuse, or other improper influences, any statement which he makes in that situation is involuntary and may not be considered by you.
>
> In deciding whether the statement in this case was voluntary, you should weigh all facts and circumstances surrounding the making of the statement which shed light on whether the statement was the product of an essentially free will and choice and not of a will and choice overborne by pressure. The facts and circumstances you should consider are the age, the intelligence, the personality, the education, the experience and mental and physical state of Mr. Ort, how the Defendant was treated, the time, place and conditions under which the

statement was made, what was said and done by Mr. Ort, by the persons who questioned him, and by anyone else who was present. You should also consider whether the Defendant was told and knew that he had a right to remain silent, that anything he said could be used against him, and that he had a right to the advise [sic] and presence of his own or a free lawyer.

Now, if you have found that an arson was committed in accordance with the instructions I gave you a moment ago and if you find that Mr. Ort made the statement voluntarily, you may then consider the statement as evidence against him. You should consider in determining how much weight to give to this piece of evidence the circumstances surrounding the making of his statement along with all the other evidence in the case in judging the truthfulness of the statement and deciding how much weight you should give it.

Trial Transcript, pp. 237, 239–241.

This instruction comports with the proposed Pennsylvania Standard Jury Instructions, sections 3.04B and 3.05. Appellant has cited no authority to support his position that the jury must be specifically instructed that the Commonwealth has the burden of proving the voluntariness of the confession by the preponderance of the evidence. In addition to the instructions quoted above relating specifically to the voluntariness of the confession, the jury in the present case was instructed that the Commonwealth had to prove that the crime had been committed by proof beyond a reasonable doubt. Had the jury mistakenly applied this standard to the determination of voluntariness, the error would have redounded to appellant's benefit. We find that the jury was amply instructed on the voluntariness of the confession, and there was no error in the instructions given to them. Consequently, counsel was not ineffective for failing to object to the instruction.

Finally, appellant argues that trial counsel was ineffective for failing to object to the Commonwealth's cross-examination of him with regard to prior fires. On direct

examination, it was brought out that appellant stated in his confession that he had started the fire, in part, in an effort to obtain assistance from the Red Cross. On cross-examination, the Commonwealth asked appellant if he had received help from the Red Cross in the past. When he indicated that he had received such assistance, the Commonwealth asked questions to elicit when the assistance had been provided. The answers given by appellant were that he was assisted in 1983 when he lost his trailer to an electrical fire, and in 1984 when his apartment building was condemned following a fire. Appellant argues that the evidence which was brought out on cross-examination was irrelevant and prejudicial because it revealed his connection with previous fire-related incidents with regard to which he was never criminally convicted.

No suggestion was made by the Commonwealth on cross-examination that appellant was responsible for either the 1983 or 1984 fires. Thus, there was no attempt to use the circumstances of the 1983 or 1984 fires as evidence of prior criminal conduct of appellant. Moreover, the evidence was relevant to explain why appellant would think, as he stated in his confession, that a fire in his apartment building might result in aid to him from the Red Cross. Since this evidence was not irrelevant, there was no reason for trial counsel to have objected to it, and therefore counsel was not ineffective.

Finding no merit to any of the underlying issues raised by appellant, we conclude that the trial court properly determined that counsel was not ineffective.

Order affirmed.

BROSKY, J., files a dissenting opinion.

BROSKY, Judge, dissenting.

I respectfully dissent. I am constrained to find that appellant is entitled to a new trial based upon his claim in issue number one. Appellant claimed that former counsel was ineffective for failing to request a jury charge on

third-degree murder.[1]  Appellant was charged, *inter alia*, with second-degree (felony) murder.  This was the only degree of homicide upon which the trial court charged the jury.  Appellant alleged that the jury was improperly precluded from exercising its mercy-dispensing power:  If the trial court had included a charge on third degree murder, the jury could have returned a verdict on that charge rather than its actual verdict of guilty of second-degree murder.

My analysis of the applicable caselaw, *infra*, leads me to the conclusion that appellant was eligible for relief under the Post Conviction Relief Act, as appellant pled and proved by a preponderance of evidence that his conviction resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.  *Commonwealth v. Dukeman*, 388 Pa.Super. 469, 565 A.2d 1204 (1989) 42 Pa.C.S.A. § 9543(a)(2)(ii).

Appellant's trial counsel decided at trial that the facts of the instant case only warranted a jury instruction on second-degree murder since a charge on third-degree murder was inapplicable.

Since some of the cases cited in this Dissenting Opinion, *infra*, were decided before the 1974 amendments to the homicide statutes, and are applicable to the instant case (a discussion will follow, *infra* ), I will now discuss the 1974 amendments.  The pre–1974 definitions, set forth in the Act of December 6, 1972, No. 334, § 2 (18 Pa.C.S.A. § 2502) (now repealed), provided as follows:

a) Murder of the first degree.—A criminal homicide constitutes murder of the first degree when it is committed by means of poison, or by lying in wait, or by any other

---

1.  Appellant incorrectly framed the issue as, "Former counsel was ineffective for failing to object to the trial court's refusal to charge the jury on third-degree murder", but, the trial court was never requested to give a charge on third-degree murder, and, hence, never refused to give such a charge; it simply *failed* to give a charge on third-degree murder.  Appellant was not challenging the inaction of the trial court but the inaction of his trial counsel.

kind of willful, deliberate, and premeditated killing. A criminal homicide constitutes murder of the first degree if the actor is engaged in or is an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping.

b) Murder of the second degree.—All other kinds of murder shall be murder of the second degree. Murder of the second degree is a felony of the first degree.

18 Pa.C.S.A. § 2502 currently states that:

a) Murder of the first degree.—A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

b) Murder of the second degree.—A criminal homicide constitutes murder of the second degree when the death of the victim occurred while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

c) Murder of the third degree.—All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

The changes to the statute that are relevant to the instant case include moving felony murder into a separate category and shifting the former second-degree murder to the present category of third-degree murder. Pre–1974 amendment caselaw is applicable to the instant case since "the legislature did not repeal the crime of murder, they merely changed the definitions." *Commonwealth v. Matlock,* 481 Pa. 521, 524, 393 A.2d 26, 28 (1978). In *Matlock,* the appellant was charged with murder of the first degree but was convicted of murder of the second degree. The trial court instructed the jury that it could return one of four possible verdicts: acquittal, murder of the first degree, murder of the second degree or voluntary manslaughter. The trial court's instruction as to murder of the second degree incorrectly followed the pre–1974 definitions for murder, which meant that murder of the second degree was defined to the jury as, "all other kinds of murder shall be

murder of the second degree". Our Supreme Court held, however, that the 1974 amendment was in effect on May 13, 1974, when the murder occurred, and, therefore, the new categories and definitions for murder provided by the 1974 amendment to the Crimes Code should have been given to the jury. Specifically, an instruction should have been given as to murder of the third degree. The court held that even though the charge was technically erroneous, the error was harmless beyond a reasonable doubt.

The 1974 amendment to the Crimes Code made "murder committed in perpetration of a felony" murder of the second degree. In the pre–1974 Crimes Code, felony murder (for specific felonies) was included in murder of the first degree. The legislature, having thus created a separate label for felony murder, created a new label for "all other kinds of murder", namely, murder of the third degree. *Id.*, 481 Pa. at 525, 393 A.2d at 28. "Thus, the legislature did not alter the 'all other kinds of murder' category, they simply changed the label from murder of the second degree to murder of the third degree." *Id.*, 481 Pa. at 525, 393 A.2d at 28. The only difference between the pre–1974 Crimes Code and the 1974 amendment exists in the labels of the categories for murder. Since this difference is of a technical nature only and does not affect the substance of the law, the cases decided under the pre–1974 scheme are therefore still applicable to the instant case.

In the instant case, appellant was charged with second-degree felony murder, arson-endangering persons and arson-endangering property. On December 14, 1985, firemen responded to a fire at an apartment building located at 269 Briggs Street in Harrisburg. When the fire fighters arrived, they observed heavy smoke coming from the basement and from the second floor middle apartment. Appellant was observed standing to the rear of the building. Residents told the fire fighters that there was an individual in the first floor middle apartment. After the fire fighters were able to gain entry to the structure, they found the victim, Michael Kosinski, lying on a bed. N.T., 6/23–25/86,

at 40–44. The coroner determined that the cause of death of the victim was carbon monoxide poisoning, asphyxia due to smoke inhalation. *Id.* at 128–129. Three independent points of origin of the fire were identified and it was determined to be arson. *Id.* at 74–75.

The investigation began to focus almost immediately upon appellant, who resided in the building with his girl-friend. The State Police interviewed appellant on December 19, 1985, and January 9, 1986. Trooper Lotwick contacted appellant at his place of employment and asked him to take a polygraph test. *Id.* at 7. Appellant was told that the police suspected him of starting the fire. He was transported to the State Police Headquarters to take the polygraph test on January 9, 1986. He was not arrested, and, was told that he was not required to take the test and that he was free to leave at any time. Trooper Lotwick advised appellant of his *Miranda* rights, and appellant signed a waiver form. Appellant was administered the test and subsequently told that he failed. After further questioning appellant admitted that he had set fire to the building.

Appellant's motion to suppress the confession was denied and the Commonwealth presented, *inter alia,* evidence of appellant's confession at trial. Appellant testified that he did not set the fire, and, that his confession had been coerced by the police. The evidence presented at trial pointed to, if anything, second-degree (felony) murder.

Appellant's trial counsel decided that a jury charge on third-degree murder was inappropriate, *Id.* at 203, and the trial court failed to charge on third-degree murder. The charge of the trial court stated, in pertinent part, that:

> The first crime that the Defendant is charged with is criminal homicide. And the only homicide that's germaine [sic] in this case is second degree murder [felony murder]. The Defendant is charged with a criminal homicide. That is taking the life of another without lawful justification or excuse. There is one type of criminal homicide that you might possibly find in this case and it is

murder of the second degree. It will be your duty to decide whether or not to find the Defendant guilty of this crime.

*Id.* at 232–33.

The trial court stated in its opinion that, "[t]here is no requirement that when a petitioner is charged with homicide, the jury must be instructed on the lesser degrees of murder." Trial Court Opinion, 11/08/89 at 4. "The petitioner was charged with arson, it was undisputed that the victim died in the fire, therefore if the petitioner was guilty of arson, he was guilty of second degree murder since the murder was committed in the perpetration of a felony." *Id.*

In *Commonwealth v. Meas*, 415 Pa. 41, 202 A.2d 74 (1974), the defendant was charged with felony murder (which was considered first-degree murder at the time *Meas* was decided). Our Supreme Court held that it was prejudicial error for the trial court to eliminate second-degree murder (which is presently referred to as third-degree murder) as a possible verdict. The Supreme Court held that:

A careful reading of the charge in its entirety leads us to but one conclusion, that the general effect there of was to withdraw the question of the degree of offense from the jury's finding to either guilty of murder in the first degree or not guilty by reason of insanity. Second degree murder was eliminated as a possible verdict. This was prejudicial error.

*Id.*, 415 Pa. at 45, 202 A.2d at 76.

The trial court in *Meas* failed to give a charge on second-degree murder (presently third-degree murder). The Supreme Court held that the jury has the exclusive right to fix the degree of guilt and may not be deprived of this right, even though the only evidence in the case against the defendant established that the killing was committed in the perpetration of a felony.

In *Commonwealth v. McClendon*, 478 Pa. 108, 385 A.2d 1337 (1978), the defendant was convicted of felony murder, arson and related charges. Our Supreme Court held that

the trial court worded the jury instructions in a biased manner so that the jury had no choice but to find appellant guilty of felony murder. In its original charge, the trial court stated that:

[I]f you find that the defendant committed arson and that arson was the cause of the death ... he is guilty of murder of the second degree. If you find that the defendant is not guilty of arson or if you find that he was guilty of arson but that arson was not a cause of the death of the decedent, you should consider the charges of third degree murder and voluntary manslaughter which I shall now define for you.

*Id.*, 478 Pa. at 111, 385 A.2d at 1338–39.

Our Supreme Court concluded that this charge informed the jury "that it should not consider third degree murder or voluntary manslaughter unless it found that appellant did not commit arson or that the arson, if committed, was not the cause of death. That is not the law in this Commonwealth." *Id.*, 478 Pa. at 111, 385 A.2d at 1339.

Pursuant to its mercy dispensing power or its awareness of extenuating circumstances, the jury could have returned verdicts of either voluntary manslaughter or murder of the third degree even if it found appellant guilty of arson and found that the arson caused the victim's death. *Id.* If the trial court's instructions impermissibly influence the jury's deliberation regarding which verdict should be returned, then a defendant must be granted a new trial. *Id.* The court in *McClendon* reversed the judgment of sentence for murder of the second degree because it found that the trial court's charge infringed upon the exclusive province of the jury to determine the appropriate degree of guilt.

In *Commonwealth v. Staples*, 324 Pa.Super 296, 471 A.2d 847 (1984), the appellant's issue on appeal was whether he could be sentenced for both murder in the second degree and armed robbery in a felony-murder case without violating appellant's right against double jeopardy. The appellant in *Staples* cited *Commonwealth v. Collins*, 436 Pa. 114, 259 A.2d 160 (1969), which was decided under the

pre–1974 homicide statute. *Collins* held that it is not error for the trial court to give a charge on second-degree murder (third-degree under the present statute) even if the evidence presented at trial only showed, if anything, a felony murder. Although our court in *Staples* was not addressing the issue raised in the instant case, it cited *Collins* for the proposition that where the evidence in a case points to felony murder, the jury is nonetheless permitted to exercise its mercy and convict only of third-degree murder.

"The appellate courts have not specifically questioned the long-standing rule that the judge should instruct on third degree murder when the defendant is charged with first or second degree murder, regardless of whether there is a rational basis for finding third degree murder." *See* Pa. Standard Jury Instructions, § 15.2501B, Subcommittee Note, (Crim.) (1988).

A jury charge must be read as a whole and considered in its entirety. *Commonwealth v. Ignatavich*, 333 Pa.Super. 617, 482 A.2d 1044 (1984). It is the general effect of the charge that controls. *Id.* Additionally, the court's instructions may not contain any prejudicial expression of guilt or invade the province of the jury. *Commonwealth v. Musolino*, 320 Pa.Super. 425, 467 A.2d 605 (1983).

I find that, pursuant to *Commonwealth v. Meas, supra,* and *Commonwealth v. McClendon, supra,* appellant's trial counsel was ineffective in failing to request a jury charge on third-degree murder. Although these cases did not deal with an ineffectiveness of counsel issue, they held that it is prejudicial error for a trial court to exclude a charge on third-degree murder when a defendant is being tried for second-degree (felony) murder. If it is error for the trial court to exclude a jury charge on third-degree murder, then it follows that a defendant's trial counsel is certainly ineffective in not requesting such a charge if it could be of benefit to his client.

Appellant was sentenced to life imprisonment. If a charge were given on third-degree murder, which is a felony of the third degree, 18 Pa.C.S.A. § 2502(c), and the

jury had found him guilty of that degree of homicide, then he could not have been sentenced to a term of imprisonment not longer than twenty years. 18 Pa.C.S.A. § 1103(1). I therefore cannot state that appellant was not prejudiced by counsel's omission.

I find that *Commonwealth v. Carter*, 502 Pa. 433, 466 A.2d 1328 (1983), and *Commonwealth v. Ulatoski*, 267 Pa.Super. 521, 407 A.2d 32 (1979), relied upon by the majority in support of its position, are distinguishable from the instant case and *Commonwealth v. Meas, supra,* and *Commonwealth v. McClendon, supra,* which support the position taken in this dissent. First, *Carter* and *Ulatoski* only dealt with the question of the necessity of a manslaughter jury charge. They did not address the necessity of a jury charge on third-degree murder when a defendant is being tried for second-degree (felony) murder. Therefore, I find that a principle alluded to in *Carter,* that a trial court should not give a jury charge on legal principles not supported by the facts adduced at trial, is narrowly limited to manslaughter jury charges and would not effect the scenario presented in the instant case. Second, trial counsel in *Ulatoski* was found to have had a reasonable basis for not requesting a manslaughter instruction. In the instant case, given the holdings in *Meas* and *McClendon,* and the vast disparities in sentencing alternatives between second and third-degree murder, appellant's trial counsel had no reasonable basis for not requesting a jury instruction on third-degree murder. Accordingly, I would grant appellant a new trial based upon the ineffectiveness of his trial counsel.