J-S12045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DESTROIS D. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3692 EDA 2018 |

Appeal from the PCRA Order Entered November 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006469-2007

BEFORE: SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED MAY 5, 2020**

Appellant, Anthony Destrois D. Williams, appeals from the order of the Court of Common Pleas of Philadelphia County (trial court) that denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1] For the reasons set forth below, we affirm.

On November 5, 2009, Appellant was convicted by a jury of first-degree murder, possession of an instrument of crime (PIC), and firearms not to be carried without a license[2] for the fatal shooting of Kenneth Halton (Victim) on May 16, 2005. At trial, two witnesses testified that they saw Appellant at the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 2502(a), 907(a), and 6106(a)(1), respectively.

scene of the shooting. ***Commonwealth v. A. Williams***, No. 1774 EDA 2010, unpublished memorandum at 2-3 (Pa. Super. filed February 23, 2012). Harold McPherson testified that he saw Appellant running from the scene of the shooting and gave a statement to the police that was introduced in evidence in which he stated that Appellant had a gun in his hand. ***Id.*** at 2. The second witness, Jerome Pace, testified that he saw Appellant standing over Victim and repeatedly shooting him. ***Id.*** at 2-3. A statement that Appellant gave police was also read into evidence. In that statement, Appellant admitted that he was present at the time of the shooting and fired a .357 caliber gun, but said that he did so after an unidentified assailant walked up to Victim and shot Victim in the back of the head. N.T. Trial, 10/30/09, at 136, 138-40, 161. In that statement, Appellant asserted that he fired at that assailant and another unidentified individual who were shooting Victim as Victim lay on the ground and that he then fled the scene and disposed of his gun the next day by selling it to another unknown individual. ***Id.*** at 139-42, 165-66, 177-78. The Commonwealth's ballistics' expert testified that Victim was shot with two different guns and that a .38 or .357 caliber bullet was recovered from Victim's head. ***Id.*** at 33-34, 40, 58-62.

At the charging conference, the Commonwealth requested that the trial court charge the jury on both first-degree murder and third-degree murder, contending that Appellant's statement was sufficient to support a charge of third-degree murder if the jury found it credible and found that a shot that he

fired killed Victim.  N.T. Trial, 11/4/09, at 38-39.  Appellant's trial counsel

objected to charging the jury on third-degree murder, stating:

> I would object to a third degree murder charge in this case. I don't think it is made out by the defendant's statement, which makes out self-defense or defense of another. If the Commonwealth wants to argue accident, I suppose an involuntary manslaughter charge would be appropriate. But I don't think the necessary malice has been made out in the defendant's statement for third degree murder.

*Id.* at 39-40.  The trial court ruled that neither a third-degree murder nor an

involuntary manslaughter charge was supported by the evidence and charged

the jury only on first-degree murder, PIC, and firearms not to be carried

without a license.  *Id.* at 40, 191-97, 202.  On November 5, 2009, the jury

found Appellant guilty of first-degree murder, PIC, and firearms not to be

carried without a license.

On January 29, 2010, the trial court sentenced Appellant to life

imprisonment for the first-degree murder conviction and imposed concurrent

sentences of one to two years' imprisonment for both the PIC and firearms

convictions.  Appellant timely filed a direct appeal, and on February 23, 2012,

this Court affirmed the judgment of sentence.  ***Commonwealth v. A.***

***Williams***, 46 A.3d 824 (Pa. Super. 2012) (unpublished memorandum).

Appellant filed a petition for allowance of appeal, which the Pennsylvania

Supreme Court denied on June 10, 2013.  ***Commonwealth v. A. Williams***,

68 A.3d 908 (Pa. 2013).

On July 3, 2013, Appellant timely filed a *pro se* first PCRA petition. Appellant's PCRA counsel filed an amended PCRA petition on March 9, 2015 asserting multiple claims of ineffective assistance of counsel, including claims that Appellant's trial counsel advised Appellant not to take a pre-trial plea offer and that trial counsel's objection to the Commonwealth's request to charge the jury on third-degree murder was ineffective assistance of counsel. On March 18, 2016, the trial court held an evidentiary hearing on the PCRA petition limited to the issue of trial counsel's advice concerning the plea offer.

Appellant and trial counsel testified at the evidentiary hearing. It was undisputed that before Appellant's trial the Commonwealth had made a plea offer of 10 to 20 years' imprisonment and that Appellant rejected that plea offer. N.T. PCRA Hearing at 4-7, 23, 28. Appellant testified that he rejected the plea offer because trial counsel "advised me not to take the deal on the simple fact she said either I'll get an acquittal or involuntary manslaughter." *Id.* at 5-8, 10, 12-15, 17. Appellant also testified that trial counsel did not tell him that he would be sentenced to life imprisonment without parole if he was convicted of first-degree murder, that he did not understand that life imprisonment without parole was a possible sentence, and that he would have taken the plea if he had known that was a possible sentence. *Id.* at 7-8, 10, 12. Appellant admitted that he understood from his discussion with trial counsel that it was his decision whether to accept the plea offer. *Id.* at 14.

Trial counsel testified that she had no specific recollection of her conversations with Appellant more than six years earlier. N.T. PCRA Hearing at 24-25. Trial counsel, however, testified to her customary practice in advising clients concerning a plea offer and testified that she advised defendants charged with first-degree murder that they faced a sentence of life imprisonment if convicted. *Id.* at 28-31, 34. Trial counsel testified that she typically would not advise a defendant charged with first-degree murder to reject an offer of 10 to 20 years' imprisonment, that she would typically try to resolve a first-degree murder case by plea "where the Commonwealth's evidence is weak and there's no guarantee of a conviction" and that "for someone young who I know will be guaranteed to be getting out of jail someday as opposed to spending life in prison without parole I would typically strongly encourage that plea because I'm older and I know that you still have life after 30, 35, 40." *Id.* at 31, 37-38. Trial counsel specifically testified:

> Q. … would you have told the defendant when the ten to twenty was on the table, consistent with your customary practice, if this was a client, would you have told them, the most you can get at trial is involuntary manslaughter?
>
> A. No.
>
> Q. Would you have told them that?
>
> A. I would never tell anyone the most they can get at trial is anything because I've tried enough cases that anything can happen at trial. So I would never tell anyone -- I would never guarantee anyone anything.
>
> Q. Okay. So you would never have told Mr. Williams?

A. I have no memory of telling Mr. Williams that. And I have never in my practice guaranteed an outcome to anyone I've represented.

*Id.* at 33-34.

On November 16, 2018, the trial court entered an order denying Appellant's PCRA petition. This timely appeal followed.

Appellant asserts in this appeal that the trial court erred in rejecting his claims of ineffective assistance of counsel with respect to the plea offer and trial counsel's objection to instructing the jury on third-degree murder. Appellant's Brief at 4. Neither of these arguments has merit.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa. Super. 2018). We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party, and the PCRA court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617.

To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the convicted defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interests; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*,

130 A.3d at 618; **Smith**, 181 A.3d at 1174-75; **Commonwealth v. Michaud**, 70 A.3d 862, 867 (Pa. Super. 2013). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. **Mason**, 130 A.3d at 618; **Smith**, 181 A.3d at 1175; **Michaud**, 70 A.3d at 867.

A defendant has the right to effective assistance of counsel in deciding whether to accept an offer to plead guilty in exchange for a lesser sentence. **Commonwealth v. Marinez**, 777 A.2d 1121, 1124 (Pa. Super. 2001). Appellant, however, did not prove that trial counsel failed to competently advise him with respect to the Commonwealth's plea offer.

Although trial counsel could not recall her specific conversation with Appellant given the passage of time, the trial court could properly base its findings on trial counsel's testimony concerning her customary practice. **Commonwealth v. Basemore**, 744 A.2d 717, 736 n.19 (Pa. 2000); **Commonwealth v. Maynard**, 900 A.2d 395, 398 (Pa. Super. 2006). The trial court found trial counsel's testimony credible and rejected as incredible Appellant's testimony that trial counsel failed to advise him of the risks of trial and his testimony that trial counsel advised him to reject the plea because he would either be acquitted or convicted of nothing more than involuntary manslaughter. Trial Court Opinion at 7-8. Because those credibility determinations are amply supported by the record, this Court is bound by the trial court's finding that trial counsel did not give Appellant deficient advice

with respect to the Commonwealth's plea offer. *Smith*, 181 A.3d at 1181; *Marinez*, 777 A.2d at 1124-25.

Appellant's argument that trial counsel's objection to a third-degree murder jury instruction likewise fails. As noted above, to prove a claim of ineffective assistance of counsel, Appellant was required to show that trial counsel's action lacked a reasonable basis. Where the trial counsel's conduct is an informed strategic choice that could be reasonably viewed at the time as advancing the defendant's interests, this element is absent and ineffective assistance of counsel cannot be shown, even though in hindsight trial counsel's strategy was not successful. *Commonwealth v. C. Williams*, 141 A.3d 440, 463 (Pa. 2016); *Commonwealth v. Jones*, 636 A.2d 1184, 1188-90 (Pa. Super. 1994).

Here, it is clear from the trial record that trial counsel's objection to the Commonwealth's request to charge the jury on third-degree murder was an informed strategic decision designed to maximize the likelihood of an acquittal. The sole witness who testified that he saw Appellant shoot Victim, Jerome Pace, had a history of PCP use and paranoid schizophrenia, and had made statements that others unconnected to Appellant had committed the murder, and Appellant's defense at trial was that Pace's testimony was not believable in light of his drug use and mental illness. N.T. Trial, 11/2/09 at 128; N.T. Trial, 11/3/09 at 45-46, 56-60, 68-70, 92-97, 141; N.T. Trial, 11/4/09 at 65-67, 73-74, 80-82. The third-degree murder charge was

requested by the Commonwealth, not as a verdict the jury could reach if they believed Pace's testimony, but as a basis on which they could convict Appellant of a crime carrying a maximum sentence of 40 years in prison, 18 Pa.C.S. § 1102(d), if they rejected Pace's testimony and believed Appellant's statement. N.T. Trial, 11/4/09 at 38-39. Where, as here, there are significant weaknesses in the Commonwealth's case, a strategy seeking to achieve an acquittal, rather than a compromise verdict of a lesser offense, constitutes effective assistance of counsel. **Commonwealth v. Garcia**, 535 A.2d 1186, 1189 (Pa. Super. 1988); **see also Commonwealth v. Ort**, 581 A.2d 230, 233-34 (Pa. Super. 1990); **Commonwealth v. Ulatoski**, 407 A.2d 32, 34 (Pa. Super. 1979).[3]

For the foregoing reasons, we conclude that Appellant did not show any ineffective assistance of counsel by his trial counsel. Accordingly, we affirm the trial court's order dismissing Appellant's PCRA petition.

Order affirmed.

---

[3] While the trial court rejected Appellant's second argument on a different ground, we may affirm the trial court's decision on any valid basis. **Commonwealth v. Janda**, 14 A.3d 147, 161 n.8 (Pa. Super. 2011).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/05/2020