J-S18012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RYAN LYNN HORTON :
:
Appellant : No. 1572 MDA 2019

Appeal from the Judgment of Sentence Entered June 14, 2019,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s): CP-28-CR-0001174-2016.

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 10, 2020**

Ryan Lynn Horton appeals from the judgment of sentence imposed following his conviction of murder of the first degree[1] and related offenses. After careful review, we affirm.

Horton and his two co-conspirators were involved in a highway robbery in which the victim, Edward Gilhart, was shot multiple times, causing his death. The Commonwealth charged Horton with the umbrella offense of criminal homicide, along with other related charges. At trial, the Commonwealth presented witnesses who testified that Horton masterminded the robbery and shot Gilhart. After the defense rested, Horton requested that

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A.§ 2502(a).

the court instruct the jury on third-degree murder. The Commonwealth objected on the basis that the evidence presented at trial supported only first or second-degree murder, and did not rationally support an instruction for third-degree murder. The trial court took the matter under advisement, but ultimately denied Horton's request.

On June 7, 2019, a jury convicted Horton of murder of the first degree, robbery, and related conspiracy and firearm offenses. On June 14, 2019, the trial court sentenced Horton to an aggregate prison term of life plus twenty-five to fifty years. Horton filed a timely post-sentence motion which the trial court denied. This timely appeal followed.

Horton raises one issue for our review: "Whether the trial court erred in failing to charge the jury on third-degree murder?" Horton's Brief at 5 (unnecessary capitalization omitted).

"Our standard of review when considering the denial of jury instructions is one of deference -- an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Commonwealth v. DeMarco*, 809 A.2d 256, 260-61 (Pa. 2002).

> In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this [C]ourt to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury

was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal.

*Commonwealth v. Brown*, 911 A.2d 576, 582-83 (Pa. Super. 2006) (quotation marks omitted).

Defendants are generally entitled to instructions that they have requested and that are supported by the evidence. *Commonwealth v. Hairston*, 84 A.3d 657, 668 (Pa. 2014). However, "[i]nstructions regarding matters which are not before the court or which are not supported by the evidence serve no purpose other than to confuse the jury." *Commonwealth v. Patton*, 936 A.2d 1170, 1176 (Pa. Super. 2007). Thus, "[a] trial court shall only instruct on an offense where the offense has been made an issue in the case and where the trial evidence reasonably would support such a verdict." *Commonwealth v. Browdie*, 671 A.2d 668, 673-74 (Pa. 1996). The reason for this rule is that instructing the jury on legal principles that cannot rationally be applied to the facts presented at trial may confuse them and place obstacles in the path of a just verdict. *See Hairston*, 84 A.3d at 668.

The Pennsylvania Crimes Code defines third-degree murder as any killing with malice that is not first or second-degree murder. *See* 18 Pa.C.S.A.

§ 2502(c); *see also Commonwealth v. Baskerville*, 681 A.2d 195, 199-200 (Pa. Super. 1996).

> Third degree murder occurs when a person commits a killing which is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice. Malice is not merely ill-will but, rather, wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty. Malice may be inferred from the use of a deadly weapon on a vital part of the victim's body. Further, malice may be inferred after considering the totality of the circumstances.

*Commonwealth v. Truong*, 36 A.3d 592, 597-98 (Pa. Super. 2012) (quotations, quotation marks, citations omitted).

Horton contends that the trial court erred in denying his request for a jury instruction on third-degree murder. According to Horton, "it was apparent from the evidence at trial that the jury could infer the malice present for [first-]degree murder or third-degree murder." Horton's Brief at 10. Horton argues that, because he was accused of shooting the victim at close range in the head with a firearm, "the malice requirement to convict of first[-]degree or third[-]degree could be found." *Id*. Horton claims that "the testimony presented at trial in this matter is capable of supporting a verdict of guilty as to murder of the third degree." *Id*. at 13. He asserts that "[j]urors could reasonably conclude that [Horton], while possessed of malice, did not have the specific intent to kill." *Id*. On this basis, Horton maintains that it was a jury question as to whether he acted with the specific intent to kill or with an intent to cause serious bodily injury that resulted in the death of the victim. *Id*. at 13-14.

The trial court considered Horton's issue and concluded that it lacked merit. It reasoned as follows:

> [Horton's] entire defense of the case was that he was framed by his co-defendants, *i.e.*, he did not kill the victim and/or did not participate in the robbery. There was no evidence before the jury upon which they could conclude that [Horton] killed the victim, but did not do so with the specific intent to kill or in the perpetration of the robbery. The [trial] court ruled that, on the evidence presented, the only rational options for the jury were: 1) [Horton] killed the victim and was guilty of murder of the first degree; 2) [Horton] either did or did not kill the victim but was guilty of murder of the second degree for participating in the predicate robbery; or 3) [Horton] did not kill the victim and did not participate in the robbery, *i.e.*, [Horton] was not guilty of any degree of homicide.

> * * *

> In this case, there was no evidence presented upon which the jury could conclude [Horton] committed the killing, but not in the course of committing the robbery. Therefore, if the jury found [Horton] killed the victim, it was at a minimum murder of the second degree. No alternative theory or evidence was presented to the jury during the course of the trial. . . . [E]ither [Horton] participated in the robbery and was therefore guilty of murder of the second degree, or he did not participate in the robbery and was therefore not guilty of any degree of homicide. Instructing the jury on the elements of murder of the third degree would require them to consider a crime upon which no evidence was presented. The defense in this case focused exclusively on challenging the credibility of the Commonwealth's witnesses, in particular the cooperating co-defendants; their testimony implicated [Horton] as the mastermind of the robbery and the perpetrator of the resulting murder. It is unclear to the [trial] court whether [Horton] was attempting to cast doubt upon whether he was the actual shooter, or whether he was involved in the robbery at all. For this analysis that distinction is irrelevant; either way, if unsuccessful [Horton] was guilty of at least murder of the second degree. If successful, [Horton] would not [be] guilty of any degree of homicide.

Trial Court Opinion, 8/22/19, at 2, 3, 5 (unnecessary capitalization omitted).

We discern no abuse of discretion or error of law by the trial court in denying Horton's request for a jury instruction on third-degree murder. In **Commonwealth v. Ort**, 581 A.2d 230 (Pa. Super. 1990), this Court addressed a similar claim in the context of a Post Conviction Relief Act ("PCRA") challenge to the effectiveness of trial counsel for not requesting a jury instruction on third-degree murder. In **Ort**, the defendant was convicted of second-degree murder for an arson-related death. **Id**. at 233. The PCRA court denied relief on the defendant's ineffectiveness claim. **Id**. This Court found no error, since there was insufficient evidence to support an instruction for third-degree murder. **Id**. In doing so, this Court reasoned:

> [The defendant's] defense in this case was that he did not set the fire which caused the homicide. There was no evidence of third-degree murder: either [the defendant] set the fire, and therefore was guilty of second degree murder, or he did not set the fire and was not guilty of any homicide.

**Id**.

Here, Horton's entire theory of his case was that he was being set up by his two co-defendants and he didn't participate in the robbery or the killing. He did not argue, nor did he present evidence at trial, that he shot Gilhart but only intended to cause serious bodily injury, and not death. **See Browdie**, 671 A.2d at 673-74 (holding that an instruction is warranted where the offense was made an issue in the case and where the trial evidence reasonably would support such a verdict). Thus, the argument Horton now makes on appeal is not consistent with his defense theory or supported by the evidence he

- 6 -

presented at trial. *See Commonwealth v. Taylor*, 876 A.2d 916, 925 (Pa. 2005) (holding that "[i]t is settled that a trial court should not instruct the jury on legal principles which have no application to the facts presented at trial. Rather, there must be some relationship between the evidence presented and the law upon which an instruction is requested.").

In sum, the evidence presented at trial supported a finding that either Horton intentionally killed Gilhart and was guilty of first-degree murder, or he did or did not shoot Gilhart but participated in the felony offense of robbery and was therefore guilty of second-degree murder, or he didn't participate in the killing or the robbery and was not guilty of any homicide. *Ort* at 233. Accordingly, an instruction on third-degree murder was not appropriate, and the trial court did not err or abuse its discretion in denying Horton's request. Consequently, Horton's issue warrants no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/10/2020