Commonwealth *v.* Staples, Appellant.

Submitted September 28, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John R. Cook* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 16, 1974:

The appellant, Richard Staples, was convicted by a jury of armed robbery and second degree murder. Post-verdict motions were denied and the appellant received a sentence of ten to twenty years imprisonment for second degree murder and a consecutive sentence of two and a half to five years imprisonment for armed robbery. This appeal followed.

The appellant raises two issues concerning the trial court's charge to the jury. These issues were raised for the first time in this appeal and were not presented to the trial court in post-verdict motions. Those issues, therefore, are not properly before this Court. *See Commonwealth v. Carbonetto,* 455 Pa. 93, 314 A.2d 304 (1974); *Commonwealth v. Lynch,* 455 Pa. 213, 314 A.2d 274 (1974); *Commonwealth v. Goodman,* 454 Pa. 358, 311 A.2d 652 (1973); *Commonwealth v. Pierce,* 453 Pa. 319, 309 A.2d 371 (1973).

The only other issue raised is whether the verdict was against the weight of the evidence. The evidence must be viewed in the light most favorable to the prosecution. *Commonwealth v. Petrisko,* 442 Pa. 575, 275 A.2d 46 (1971). Although there were no eyewitnesses to the shooting, the record establishes that a security guard was fatally shot near his car in a parking lot. His black briefcase was missing. Shortly before the shooting, witnesses had observed a 1965 black Chevrolet occupied by two black males in the parking lot. Two shots were heard and the same car

470

was then seen traveling very fast going the wrong way on a one-way street not far from the parking lot. The arresting officers received a radio report that two black males, who were involved in a shooting, were traveling in a 1965 black Chevrolet toward the area where the officers were located. Shortly thereafter, about fifteen blocks from the scene of the shooting, the arresting officers spotted a 1965 black Chevrolet occupied by two black males. They followed the car and stopped it at a traffic light. The appellant was the driver of the car. On the floor of the car, the arresting officers found the victim's briefcase and gun which killed the victim. The evidence and the reasonable inferences arising therefrom were sufficient to sustain the jury's verdict. *Commonwealth v. Malone*, 444 Pa. 397, 281 A.2d 866 (1971).

Judgment of sentence is affirmed.