471 A.2d 847
**COMMONWEALTH of Pennsylvania**
v.
**Richard STAPLES, Appellant.**
Superior Court of Pennsylvania.
Submitted Sept. 30, 1983.
Filed Jan. 13, 1984.

John A. Halley, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the summary dismissal of a petition for post-conviction relief filed by appellant under the Post Conviction Hearing Act[1] (hereinafter referred to as PCHA). We affirm.

On July 12, 1972, appellant was found guilty by a jury of one count of murder of the second degree and one count of armed robbery.[2] Post-trial motions were denied and appel-

---

1. 42 Pa.C.S.A. § 9541 *et seq.*

2. The Crimes Code as it existed when appellant was convicted has since been repealed. 18 P.S. § 4701 provided in relevant part:

   **§ 4701. Murder of the first and second degree**

   All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration of, or attempting to perpetrate any arson, rape, robbery, burglary, or kidnapping, shall be murder in the first degree. All other kinds of murder shall be murder in the second degree.

   18 P.S. § 4705 provided:

   **§ 4705. Robbery with accomplice or while armed or by violence**

lant was sentenced to consecutive terms of imprisonment of 10 to 20 years for murder and 2 and ½ to 5 years for robbery. Following a direct appeal, judgment of sentence was affirmed by the Pennsylvania Supreme Court on October 16, 1974. *See Commonwealth v. Staples*, 457 Pa. 468, 326 A.2d 317 (1974).

Appellant filed the first of three PCHA petitions on February 18, 1975. Counsel was appointed and hearings were held on November 20, 1975 and December 11, 1975. In a lengthy opinion and order dated April 6, 1977, the court

> Whoever, being armed with an offensive weapon or instrument, robs or assaults with intent to rob another; or, together with one or more person or persons, robs or assaults with intent to rob; or robs any person, and at the same time, or immediately before or immediately after such robbery, beats, strikes, or ill-uses any person, or does violence to such person, is guilty of felony, and upon conviction, shall be sentenced to pay a fine not exceeding ten thousand dollars ($10,000), or undergo imprisonment, by separate or solitary confinement at labor, not exceeding twenty (20) years, or both.

The above statutes have been replaced by 18 Pa.C.S.A. § 2502 and 18 Pa.C.S.A. § 3701, which provide in relevant part:

**§ 2502. Murder**

**(a) Murder of the first degree.**—A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

**(b) Murder of the second degree.**—A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

**(c) Murder of the third degree.**—All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

**§ 3701. Robbery**

**(a) Offense defined.**—

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or

(v) physically takes or removes property from the person or another by force however slight.

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

below denied appellant's petition. The Supreme Court affirmed the denial of post-conviction relief in an opinion reported at 477 Pa. 552, 384 A.2d 1228 (1978). Appellant filed his second PCHA petition on March 2, 1981, which was dismissed by the lower court without a hearing or the appointment of counsel for the reason that the allegations raised had been previously litigated at the December 11, 1975, PCHA hearing. The instant *pro se* petition was filed on May 25, 1981, and was summarily dismissed for the same reason.[3]

On this appeal, appellant argues that the summary dismissal of his third PCHA petition was improper because it raised the issue of double jeopardy, which was never finally litigated. Appellant also alleges that prior PCHA counsel was ineffective for failing to preserve this issue for appellate review. Appellant maintains that although the jury could properly exercise its mercy in a felony-murder case by finding him guilty of murder of the second degree, instead of felony murder, which constituted murder of the first degree under the Crimes Code as it existed in 1972, it was improper for the jury to sever the constituent elements of felony-murder and for the court to sentence him for both murder and robbery. Appellant cites *Commonwealth v. Redline*, 391 Pa. 486, 137 A.2d 472 (1958), for the proposition that all felony-murders in Pennsylvania other than that for which a defendant is found guilty of first degree murder is murder of the second degree. Appellant also relies on *Commonwealth v. Collins*, 436 Pa. 114, 259 A.2d 160 (1969), where the Court held that in a felony murder situation, the jury can exercise its mercy and convict of murder of the second degree rather than murder of the first degree even though the crime clearly fits statutorily within the latter. In summary, appellant contends that because there is no express authority that allows punishment for each of the constituent elements of felony-murder, his double jeopardy rights have been violated even though he was not convicted of first degree felony-murder.

3. Counsel has been appointed for purposes of this appeal.

Before addressing the merits of appellant's argument, we must first determine whether the issue of double jeopardy is properly before us. The record does not indicate that this issue was ever raised by trial counsel or direct appeal counsel, nor is it specifically mentioned in appellant's first or second PCHA petitions. However, the record shows that the issue was raised and discussed by prior PCHA counsel at the November 20, 1975, PCHA hearing. Nevertheless, in its April 6, 1977, opinion and order denying post-conviction relief, the court below failed to rule on the double jeopardy issue. The issue was not mentioned by the Supreme Court when it affirmed the PCHA court's order.

▬ Under 42 Pa.C.S.A. § 9544(a) of the Post Conviction Hearing Act, an issue is finally litigated if:

"(1) It has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling.

(2) The Superior Court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals.

(3) The Supreme Court has ruled on the merits of the issue."

In this case, it is clear from the record that neither the trial court, this Court, nor the Supreme Court has ruled on the merits of the issue of double jeopardy. Therefore, even though the issue has been raised orally at a prior PCHA hearing, appellant's claim has not been finally litigated and the court below should not have summarily dismissed it.[4] Furthermore, despite the fact that appellant has previously filed post-trial motions, a direct appeal to the Supreme

---

4. Pennsylvania Rule of Criminal Procedure 1504 provides:

**Rule 1504. Summary Dispositions.**

Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.

Court, two prior PCHA petitions, and an appeal from the first of those petitions to the Supreme Court, the issue now raised involves the illegality of sentence, which is not a waivable issue. *See Commonwealth v. Welch*, 291 Pa.Super. 1, 435 A.2d 189 (1981).[5]

Because the sentencing issue before us has been briefed by present counsel for appellant and by the Commonwealth,[6] we find it in the interest of judicial economy to review now the merits of the issue presented. The Commonwealth argues that appellant mistakenly assumes that the second degree murder statute under which appellant was convicted is the same as the second degree murder statute contained in the present Crimes Code. Therefore, according to the Commonwealth, appellant's argument is patently frivolous.

It is clear from our reading of appellant's brief that appellant has not mistakenly assumed that he was convicted under the present murder statute, and that appellant's argument is not simply that the underlying felony should have merged into the murder conviction for sentencing purposes. *See Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981). Rather, appellant argues that despite the fact that he was not convicted of first degree felony murder, the Supreme Court cases which discuss a jury's capacity to show mercy in felony murder cases, do not contemplate a defendant being sentenced for each of the constituent elements of felony murder. In this regard, appellant's argument is similar to the single criminal episode theory, where a single act constitutes different crimes, but only one offense against the Commonwealth. *See Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Crocker*, 280 Pa.Super. 470, 421 A.2d 818 (1980);

---

**5.** Because the illegality of sentence is not a waivable issue, we need not discuss the issue of prior PCHA counsel's ineffectiveness.

**6.** This case was submitted to the Court on briefs.

*Commonwealth v. Lezinsky,* 264 Pa.Super. 476, 400 A.2d 184 (1979).[7]

The relevant facts of this case were aptly stated by the Supreme Court in its opinion of October 16, 1974, as follows:

"[T]he record establishes that a security guard was fatally shot near his car in a parking lot. His black briefcase was missing. Shortly before the shooting, witnesses had observed a 1965 black Chevrolet occupied by two black males in the parking lot. Two shots were heard and the same car was then seen traveling very fast going the wrong way on a one-way street not far from the parking lot. The arresting officers received a radio report that two black males, who were involved in a shooting, were traveling in a 1965 black Chevrolet toward the area where the officers were located. Shortly thereafter, about fifteen blocks from the scene of the shooting, the arresting officers spotted a 1965 black Chevrolet occupied by two black males. They followed the car and stopped it at a traffic light. The appellant was the driver of the car. On the floor of the car, the arresting officers found the victim's briefcase and gun which killed the victim."

■ The facts of the instant case are obviously distinguishable from those decided under the single-act theory. Appellant committed a robbery and a murder, not the single act which constituted both rape and statutory rape, which was the case in *Commonwealth v. Walker, supra,* or the single act of an unlawful entry which gave rise to convictions for both burglary and criminal trespass in *Commonwealth v. Crocker, supra,* or the single act of setting fire to a barn containing livestock, which constituted arson for the

---

7. The single-act theory has been utilized not only where multiple crimes are committed by a single act, but also where multiple victims are the result of a single criminal act. *Commonwealth v. Frisbie,* 318 Pa.Super. 168, 464 A.2d 1283 (1983); *Commonwealth v. Reynolds,* 256 Pa.Super. 259, 389 A.2d 1113 (1978); *Commonwealth v. Speelman,* 235 Pa.Super. 109, 341 A.2d 138 (1975); and *Commonwealth ex rel. Brockway v. Keenan,* 180 Pa.Super. 78, 118 A.2d 255 (1955). For a critical discussion of this rule, *see Commonwealth v. Frisbie, supra* 318 Pa.Super. at 182–183, 464 A.2d at 1289 (Concurring and Dissenting Opinion by Popovich, J.).

burning of the barn and criminal mischief for the burning of the livestock in *Commonwealth v. Lezinsky, supra.* We can find no intention by the Supreme Court in *Commonwealth v. Redline, supra,* to preclude sentencing for both second degree murder and another felony. In *Commonwealth v. Collins, supra,* the Supreme Court rejected appellant's argument that because the evidence showed, if anything, a felony-murder, the trial court had erred in charging the jury that it could return a verdict of second degree murder. The court held that in a felony-murder it is error not to charge so, and stated:

> "Where, as here, the evidence would support a verdict of first degree murder, the jury is nonetheless permitted to exercise its mercy and convict only of second degree."

*Id.,* 436 Pa. at 120, 259 A.2d at 163.

A literal reading of the above statement would seem to preclude a conviction for anything other than second degree murder in a felony-murder case where the jury has shown its mercy by not convicting the defendant of first degree murder. However, the Court in *Collins* was not deciding whether a jury could return a verdict of both second degree murder and robbery. The Court was only reiterating an established point of law that dealt with a jury's ability to show mercy in first degree murder cases. There is no precedent which bars sentencing under the former Crimes Code for both second degree murder and robbery.

■ Where a defendant is contending that the offenses should be merged because the court is sentencing that defendant to multiple punishments for a single act, we must apply the standard articulated in *Commonwealth ex rel. Mosczcynski v. Ashe,* 343 Pa. 102, 104, 21 A.2d 920, 921 (1941):

> "*The true test of whether one criminal offense has merged in another is whether one crime necessarily involves another.* The test is *not* whether the two criminal acts are 'successive steps in the same transaction'. *'The same transaction' test is valid only when 'transaction' means a single act. When the 'transac-*

*tion' consists of two or more criminal acts, the fact that the two acts are 'successive' does not require a conclusion that they have been merged."* (Emphasis supplied.)

■ We have already determined that the crimes in this case were not the result of a single act. Our guide for determining "whether one crime necessarily involves another" is: "Whether each provision requires proof of a fact which the other does not." *Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *Accord Commonwealth v. Tarver, supra,* overruling *Commonwealth v. Sparrow*, 471 Pa. 490, 370 A.2d 712 (1977).

Applying the *Blockburger* test to the instant case, it is clear that the crimes for which appellant was convicted require proof of "a fact which the other does not." Accordingly, judgment of sentence is affirmed.