COMMONWEALTH of Pennsylvania, Appellee,

v.

Troy Armstrong TOWNSEND, Appellant.

Superior Court of Pennsylvania.

Submitted March 1, 2004.

Filed May 14, 2004.

Paula C. LaStrapes, Kittaning, for appellant.

Scott J. Andreassi, Assistant District Attorney, for Commonwealth, appellee.

Before: KLEIN, OLSZEWSKI, JJ., and McEWEN, P.J.E.

OPINION BY OLSZEWSKI, J.:

¶ 1 Troy Townsend (appellant/defendant) appeals the order of the Court of Common Pleas of Armstrong County (Nickleach, J.) denying his petition pursuant to the Post–Conviction Relief Act (PCRA). Appellant argues on appeal that participation of the assistant district attorney who represented the Commonwealth during the PCRA proceeding created a conflict of interest. Because of the conflict of interest, appellant requests that we reverse the trial court and grant a new PCRA hearing. The Commonwealth agrees with appellant's position.

¶ 2 The facts pertinent to the present appeal are not in dispute. Attorney Chase McClister, prior to trial, visited and elicited information from appellant. Appellant then asked Mr. McClister to represent him. Sometime thereafter, Mr. McClister became an assistant district attorney for Armstrong County. Accordingly, Mr. McClister could no longer represent appellant. Appellant's new trial counsel, Karen Avery, brought Mr. McClister's involvement in the case to the trial court's attention prior to trial. The court stated that his involvement would not disqualify the entire Armstrong County District Attorney's Office, but would "certainly disqualif[y] Mr. McClister from any representation and partaking of the case at all." N.T., 8/11/98, at 14–15.

¶ 3 After a jury found appellant guilty of, and appellant was sentenced on, aggravated assault, burglary, simple assault, recklessly endangering another person, criminal mischief, unlawful restraint, and theft by unlawful taking, appellant filed post-sentence motions followed by a direct appeal where we affirmed appellant's judgment of sentence.

¶ 4 Thereafter, appellant filed a PCRA petition. The trial court appointed counsel and held a hearing on the petition. During the PCRA proceedings, the Commonwealth was represented by Assistant District Attorney McClister.

¶ 5 In his petition, appellant claimed that his sentence was illegal and he was denied effective assistance of counsel because counsel failed to: (1) argue lack of intent; (2) contest the admission of inculpatory statements of appellant; and (3) challenge a juror familiar with appellant's family. The trial court denied appellant's PCRA petition; finding that the issues were previously raised on appeal, were without merit, did not prejudice appellant, or were not adequately developed. At no time did appellant raise the issue of ADA McClister's involvement in the PCRA proceedings.

¶ 6 For the first time on appeal, appellant challenges the involvement of ADA McClister. Usually, issues "not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a). Because of the nature of

the ethical questions involved in this case, however, we will review the merits of appellant's claim in the interests of justice.

¶ 7 It is clear to us that McClister's representation of the Commonwealth during the PCRA proceedings violated Rule 1.11 of the Pennsylvania Rules of Professional Conduct. Rule 1.11 states that "a lawyer serving as a public officer or employee shall not participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment." Pa. R.P.C. 1.11(c)(1). After appellant confided in attorney McClister regarding certain facts surrounding the case, and after attorney McClister agreed to take appellant on as a client, attorney McClister became an assistant district attorney. McClister's involvement as appellant's attorney prohibited him from participating in this matter, at any level, while working for the Armstrong County District Attorney.

¶ 8 Further, ADA McClister's involvement is a direct violation of an order of the trial court.

¶ 9 Accordingly, we reverse the order of the trial court and remand the case back to the Court of Common Pleas of Armstrong County for a new PCRA hearing. Further, we prohibit ADA McClister from participating in any aspect of this case.

¶ 10 Order VACATED and case REMANDED. Jurisdiction relinquished.