J. S27028/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
    :     PENNSYLVANIA
    :
    :
    :
v.     :
    :
PAUL BENEDICT WOLF,     :
    :
Appellant     :     No. 1383 MDA 2015

Appeal from the PCRA Order August 5, 2015
In the Court of Common Pleas of York County
Criminal Division No(s): CP-67-CR-0008019-2013
CP-67-CR-0008983-2012
CP-67-CR-0008984-2012

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:            **FILED AUGUST 12, 2016**

Appellant, Paul B. Wolf, appeals from the Order entered in the York County Court of Common Pleas denying his second Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's appointed counsel, Scott A. McCabe, Esquire, has filed a Petition to Withdraw as counsel and an accompanying no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We conclude that all but Appellant's double jeopardy claim were either previously litigated or are waived. We further conclude that, because

---

[*] Former Justice specially assigned to the Superior Court.

Appellant's timely-raised double jeopardy claim pertains to the legality of his sentence, the PCRA court erred in finding it waived. Accordingly, we affirm the PCRA court's Order in part, vacate the PCRA court's Order in part, and remand for an evidentiary hearing on Appellant's double jeopardy claim. We deny Attorney McCabe's Petition to Withdraw.

The PCRA court set forth the factual and procedural history of this case as follows:

> In case CP-67-CR-8984-2012, the Appellant was charged with Theft by Unlawful Taking and Defiant Trespass. On May 10, 2013, a jury found the Appellant not guilty. Attorney George Margetas represented him at this trial.
>
> Appellant then petitioned the [c]ourt to remove Attorney Margetas as counsel. The [c]ourt agreed and appointed Attorney Christopher Moore to represent the Appellant. In case CP-67-CR-8983-2012, the Appellant was charged with Theft by Unlawful Taking, Receiving Stolen Property, and Theft by Deception. On February 21, 2014, he pled *nolo contendere* to Receiving Stolen Property.
>
> In case CP-67-CR-8019-2013, the Appellant was charged with two (2) counts of Intimidation of a Witness under 18 Pa.C.S. § 4952(a)(1) and two (2) counts of Intimidation of a Witness under 18 Pa.C.S. § 4952(a)(2). On February 21, 2014, he pled *nolo contendere* to the first two (2) counts of Intimidation of a Witness. Attorney Moore also represented him during this proceeding.
>
> [Appellant was sentenced on CR-8983-2012 and CR-8019-2013 on February 21, 2014.]
>
> On May 21, 2014, Appellant filed a timely PCRA petition (hereinafter "PCRA I") on CP-67-CR-8983-2012, CP-67-CR-8019-2013, and CP-67-CR-8008-2013, a case not at issue in this appeal. A hearing on PCRA I was held on September 19, 2014. The [PCRA c]ourt appointed Attorney Seamus Dubbs to represent him at this hearing. The [PCRA c]ourt denied PCRA I.

[Appellant did not appeal the denial of PCRA I. Rather, on] March 16, 2015, Appellant filed a second [timely] PCRA (hereinafter "PCRA II"). The [PCRA c]ourt appointed Attorney Heather Reiner to represent him during [the] PCRA II hearing. On June 12, 2015, a hearing on PCRA II was held. At that hearing, Appellant indicated that he wished to proceed *pro se*. The [PCRA c]ourt discharged Attorney Reiner and continued the hearing until August 5, 2015. On August 5, 2015, the Appellant proceeded pro se with the PCRA II hearing. The [PCRA c]ourt denied PCRA II.

PCRA Court Opinion, filed 10/22/15, at 1-2.

Appellant filed a *pro se* Notice of Appeal on August 11, 2015. Both Appellant and the PCRA court timely complied with Pa.R.A.P. 1925.

On January 7, 2016, Appellant, still *pro se*, filed a Brief with this Court. On April 13, 2016, Appellant filed an Application for Appointment of Counsel, which this Court granted in part.[1] Order, filed 5/6/16, at 1. The trial court appointed Attorney McCabe to represent Appellant in this appeal. Attorney McCabe was directed to file a supplemental Appellant's brief or a **Turner-Finley** letter with this Court. **Id.**

On June 9, 2016, Attorney McCabe filed a Petition to Withdraw as counsel, and an accompanying **Turner**/**Finley** no-merit letter.[2] Attorney

---

[1] In addition to requesting that we appoint counsel, Appellant specifically requested that this Court appoint counsel from outside of York County. We denied the request that counsel be from outside of York County.

[2] Appellant's Brief became a legal nullity upon the appointment of counsel. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (finding a *pro se* Rule 1925(b) Statement a nullity where appellant was represented by counsel); **Commonwealth v. Pursell**, 724 A.2d 293, 302 (Pa. 1999) (holding that "[w]e will not require courts considering PCRA petitions to

McCabe concluded that there were no non-frivolous issues to be raised on appeal after addressing each of the issues raised by Appellant in his *pro se* Rule 1925(b) Statement. Those issues are as follows, *verbatim*:

> 1. Whether the court abused its discretion in denying Appellant's PCRA petition, regarding Appellant's timely filed Notice to Withdraw Guilty Plea, that the court ignored and sent or forwarded said notice to court appointed counsel, Christopher Moore, Esq. who did not address or file the Notice as requested by Appellant, the result being that Appellant was denied the right to a trial, counsel was clearly ineffective when he failed to file Appellant's Notice to Withdraw Guilty Plea?
>
> 2. Whether the court abused its discretion by failing to address Appellant's claim of Double Jeopardy, regarding the cases that had been consolidated by District Attorney Tom Kearney, Esq. on January 3, 2013, cases were consolidated[3] when Appellant went to his first trial, and Appellant was found to be not guilty by a jury of his peers, that being case no. CP-67-CR-8984-2012, no notices or motions to sever said cases has ever been filed with the court, months after that trial Appellant is prosecuted again for the same cases, cases that were consolidated are as follows: CP-67-CR-8984-2012, CP-67-CR-8983-2012, and CP-67-CR-7563-2011,[4] a miscarriage of justice did occur, as well as Attorneys George Margetas, Esq. and Christopher Moore, Esq. were negligent for not raising or challenging this issue, as asked to do by Appellant a multiple of times, showing that ineffectiveness of trial counsel claims have merit?

struggle through the *pro se* filings of defendants when qualified counsel represent those defendants.").

[3] As discussed **infra**, Appellant attached a Notice of Consolidation in his *pro se* brief to this Court, indicating the Commonwealth's intent to consolidate CR-8984-2012, CR-8983-2012, and CR-7563-2011. It is unclear from the record whether this Notice was ever filed with the Court.

[4] CP-67-CR-7563-2011 is not subject to this appeal, and as such, this Court does not have the record before us. However, we note that Appellant was convicted of various weapon and drug offenses in CR-7563-2011.

3.      Appellant avers that a Constitutional violation did occur in regards to Double Jeopardy, and that Appellant was prosecuted for the same crimes twice, under 42 Pa. Cons. Stat. § 9543(a)(2)(i)?

4.      An Induced Guilty Plea, did occur when Appellant was told that sentences were to run concurrent, under 42 Pa. Cons. Stat. § 9543(a)(2)(vi)?

5.      Under 68 Pa.R.Crim.P. 1504 (now 904) requires an enforceable right to effective Post-Conviction Counsel, and Attorney Seamus Dubbs, Esq. failed to supply Appellant with effective counsel when he neglected to file an appeal of the 1st PCRA hearing, which he had knowledge of Appellant's wish to appeal?

6.      Obstruction of Appellate Process, applies in that the York County did not honor the filed Notice to Withdraw Guilty Plea as was advised by the Court he would be allowed to do, this being under under 42 Pa. Cons. Stat. § 9543(a)(2)(iv)?

7.      Ethical claims are also an issue that Appellant intends to raise, as in Com. v. Townsend, 850 A.2d 741 (Pa. Super. 2005)?

Pa.R.A.P. 1925(b) Statement, filed 9/1/15, at 1-2.  Appellant did not respond to Attorney McCabe's Petition to Withdraw as Counsel.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error.  **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).  "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level."  **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

### Issues 1, 4, 5, 6 and 7

To be eligible for relief in a PCRA Petition, Appellant was required to demonstrate, *inter alia*, that the claims he is now raising were not "previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). This Court will find a claim was previously litigated or waived if (i) Appellant previously raised the issue on direct appeal or in a prior PCRA Petition; or (ii) "if [Appellant] could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544.

In addition, even claims that have not been previously litigated may nonetheless be deemed waived for purposes of appeal if a petitioner does not raise them before the PCRA court. As our Supreme Court has made clear, if a petitioner fails to raise an ineffective assistance of counsel claim before the PCRA court, that claim is waived and cannot be raised for the first time on appeal to this Court. *See Commonwealth v. Wharton*, 811 A.2d 978, 987 (Pa. 2002) (finding waiver of a claim regarding right to counsel where the PCRA petitioner did not raise the issue in front of the PCRA court but instead raised the issue for the first time in his appeal from the denial of his PCRA petition); *Commonwealth v. Basemore*, 744 A.2d 717, 726-27 (Pa. 2000); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Issues one and six in Appellant's Rule 1925(b) Statement, reproduced *supra*, both address the same issue: Appellant's desire to withdraw his guilty plea. Both of these issues were previously litigated and denied in PCRA I. *See* Transcript of Order, 9/19/14, at 1-2 (denying Appellant relief on the grounds that counsel acted pursuant to reasonable strategy and was not required to pursue a frivolous claim where a motion to withdraw Appellant's guilty plea would have been denied). Appellant is not entitled to relief on these previously litigated claims, and the trial court did not err in denying PCRA II on these grounds. *See* 42 Pa.C.S. § 9543(a)(3).

In issue four, Appellant alleges he was improperly induced into entering a guilty plea with the promise that his sentences would run concurrent to one another. Appellant failed to raise this claim in PCRA I, failed to demonstrate why this claim could not have been raised in PCRA I, and failed to develop it at his PCRA II hearing. Therefore, we find this claim waived. *Id.*

In issue five, Appellant alleges that PCRA I counsel was ineffective for failing to file an appeal after the denial of PCRA I. Importantly, Appellant did not raise this claim in his PCRA II Petition or at his PCRA II hearing. Instead, he makes this claim for the first time in his Rule 1925(b) Statement. Because Appellant failed to raise this claim in the PCRA court, we find Appellant waived this claim. *See Wharton, supra*; Pa.R.A.P. 302(a).

Finally, Appellant waived issue seven, pertaining to "ethical claims," by failing to raise it in PCRA I, failing to raise it in his PCRA II Petition, failing to address it in his PCRA II hearing, and failing to raise it with specificity in his Rule 1925(b) Statement.  **See Wharton, supra**; Pa.R.A.P. 302(a).

### **Issues 3 and 4 – Double Jeopardy**

Appellant raises a double jeopardy challenge, averring that his separate prosecutions in cases CR-8984-2012, CR-8983-2012, and CR-7563-2011 were unconstitutional because the cases were consolidated, Appellant was then acquitted at trial in CR-8984-2012, and then subsequently prosecuted separately in cases CR-8983-2012, and CR-7563-2011.  The PCRA court, the Commonwealth, and Attorney McCabe all argue that Appellant waived any double jeopardy challenge[5] by failing to raise it in PCRA I.  This argument is erroneous as a matter of law.

As this Court has made clear, double jeopardy claims "implicate the fundamental legal authority of the court to impose the sentence that it did" and, therefore, challenge the legality of the sentence imposed. **Commonwealth v. Robinson**, 931 A.2d 15, 21 (Pa. Super. 2007).  As a challenge to the legality of Appellant's sentence, Appellant could not waive

---

[5] Issue three clearly alleges a double jeopardy violation.  In contrast, it is unclear from the language of issue two whether Appellant meant to allege a double jeopardy violation, to allege prior counsel was ineffective for not raising a double jeopardy violation, or both. To the extent that issue two is simply an ineffective assistance of counsel claim, that argument is waived. 42 Pa.C.S. § 9544.

this claim. ***Commonwealth v. Staple***, 471 A.2d 847, 849 (Pa. Super. 1984) (finding that the issue of double jeopardy could not be waived, even where petitioner failed to raise it at trial, on direct appeal, or in his first or second post-conviction petition). This is true even when an appellant has attempted to raise the issue in a prior post-conviction petition, so long as the claim has not been litigated on the merits. ***Id.***

In support of his double jeopardy claim, Appellant attached a Notice of Consolidation as Exhibit 1 in his *pro se* brief to this Court. This Notice announces the Commonwealth's intent to consolidate CR-8984-2012, CR-8983-2012, and CR-7563-2011. Of those three cases, CR-8983-2012 is the only record currently before this Court. It is unclear from that record whether a motion to consolidate was ever filed with the trial court, and if so, how the trial court ruled on the motion.

Importantly, no court has considered the merits, if any, of Appellant's double jeopardy claim. In the absence of any developed record on this issue, this Court is not equipped to address this claim for the first time on appeal. Moreover, Appellant's double jeopardy challenge is predicated on the factual and procedural history of two additional prosecutions that are not before this Court. In light of these deficiencies, we are constrained to remand so that the PCRA court may hold an evidentiary hearing to address Appellant's double jeopardy claim on the merits. ***C.f. Staple, supra*** at 850-51 (addressing the double jeopardy claim on its merits for the first time on

appeal where the parties had briefed the issues on the merits and where the facts needed to rule on the claim had been developed below).

Based on the foregoing analysis, we affirm the PCRA court's denial of Appellant's petition in part, but vacate as to Appellant's double jeopardy claim and remand to the PCRA court to develop the record and address this claim on the merits.

We further deny Appellant McCabe's Petition to Withdraw, so that he may aid Appellant in the development of this claim on remand.

Order affirmed in part and vacated in part. Petition to Withdraw denied. Case is remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016