J-S59023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| MICHAEL E. KEELING | : | |
| Appellant | : | No. 2889 EDA 2015 |

Appeal from the PCRA Order August 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1111571-1994
CP-51-CR-1111581-1994
CP-51-CR-1111591-1994

BEFORE:  BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                 **FILED AUGUST 19, 2016**

Appellant, Michael Keeling, appeals *pro se* from the order entered on August 18, 2015, dismissing his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the relevant factual background and procedural history of this case as follows:

> On November 18, 1994, [p]olice [o]fficers Joseph Osborne and Herbert Nelson detained [Appellant] on 5th Street in Philadelphia after identifying him through composite sketches as a suspected carjacker.  After gathering additional information, the officers decided to bring him into headquarters for further questioning. As they were preparing for transport, [Appellant] grabbed a hidden revolver from inside his pants and fired at the officers. The officers retreated behind their police car as he fired more shots.  Satisfied that he was beyond the reach of the officers, [Appellant] ran away.

*Former Justice specially assigned to the Superior Court.

As he was running, [Appellant] spotted a station wagon at a stoplight, pointed the revolver at [the] driver [], and ordered him to exit the vehicle. [Appellant] then drove off, with the officers in pursuit. During the chase[, Appellant] lost control of the vehicle and hit a pole. He jumped out of the car and began to run but was apprehended several blocks away. His gun was found nearby.

Using this evidence, the jury convicted [Appellant] of two counts of aggravated assault,[1] robbery,[2] robbery of a motor vehicle,[3] theft,[4] and [carrying a firearm without a license.[5] The trial c]ourt sentenced [Appellant] to an aggregate term of imprisonment of 32½ to 65 years. [Appellant] appealed [and this Court affirmed the judgment of sentence. Our] Supreme Court denied [allowance of appeal] on December 24, 1996.

PCRA Court Opinion, 10/13/15, at 1-2.

Thereafter, on September 12, 1997, [Appellant] filed a *pro se* PCRA petition. After counsel was appointed, the PCRA court dismissed the petition and this Court affirmed. Appellant filed a second PCRA petition on July 8, 2005 which the PCRA court dismissed as untimely. Appellant also filed a third PCRA petition which the PCRA court dismissed as untimely. This Court affirmed the dismissal and our Supreme Court denied allowance of appeal.

_____

[1] 18 Pa.C.S.A. § 2702.

[2] 18 Pa.C.S.A. § 3701.

[3] 18 Pa.C.S.A. § 3702.

[4] 18 Pa.C.S.A. § 3921.

[5] 18 Pa.C.S.A. § 6106.

On November 19, 2014, Appellant filed the instant *pro se* PCRA petition, his fourth. Thereafter, Appellant filed an amended petition. On August 6, 2015, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907. Appellant filed a response to the Rule 907 notice. On August 18, 2015, the PCRA court dismissed the petition without an evidentiary hearing. This timely appeal followed.[6]

Appellant presents four issues for our review:

1. Did the [PCRA] court err by its failure to grant [Appellant's] motion for leave to amend [his PCRA petition pursuant to] 42 Pa.[C.S.A.] § 9545(b)(1) into a petition for writ of *habeas corpus* relief [pursuant to] 42 Pa.[C.S.A.] § 6502(a)?

2. Did the [PCRA] court err by its failure to grant a writ of *habeas corpus* relief . . . ?

3. Did the [PCRA] court err [in] its denial [of] independent ballistic identification testing . . . ?

4. Did the [PCRA] court err by failing to grant [an] evidentiary hearing where[,] for reasons outside [Appellant's] own personal control[,] he has never been afforded a probable cause hearing to determine whether police had sufficient probable cause to stop and arrest [him] on November 18, 1994?

Appellant's Brief at ii.[7]

---

[6] Appellant filed a concise statement of errors complained of on appeal ("concise statement") contemporaneously with his notice of appeal. *See* Pa.R.A.P. 1925(b). The PCRA court issued its Rule 1925(a) opinion on October 13, 2015. All issues raised on appeal were included in Appellant's concise statement.

[7] We have re-numbered the issues for ease of disposition.

In his first and second issues, Appellant argues that the PCRA court should have treated his filing as a petition for writ of *habeas corpus*. Appellant alleges a conflict of interest existed between his trial counsel and direct appeal counsel because both were employed by the Defender Association of Philadelphia. He further argues this constitutes a breakdown of the judicial system and entitles him to *habeas corpus* relief because the PCRA is an inadequate remedy. Appellant's argument is misguided.

"The [PCRA is] the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus* and *coram nobis*." 42 Pa.C.S.A. § 9542. A petition for writ of *habeas corpus* is only appropriate where a petitioner's claim is not cognizable under the PCRA. **See Commonwealth v. Descardes**, 136 A.3d 493, 499 (Pa. 2016). A claim that there was a conflict of interest is cognizable under the PCRA. **See Commonwealth v. Townsend**, 850 A.2d 741, 743 (Pa. Super. 2004). Accordingly, the PCRA court correctly treated Appellant's filing as a PCRA petition and not a petition for a writ of *habeas corpus*.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in

nature, and the court may not ignore it in order to reach the merits of the petition." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013) (citation omitted). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on March 24, 1997, 90 days after our Supreme Court denied allowance of appeal. ***See*** U.S. Sup. Ct. R. 13 (petition for a writ of certiorari must be filed within 90 days). Appellant's present petition, his fourth, was filed on or about November 19, 2014. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

As noted above, a petitioner must plead and prove the existence of a timeliness exception in order for the PCRA court to have jurisdiction over an untimely petition. Failure to plead the applicability of a timeliness exception in the PCRA petition renders the PCRA court without jurisdiction to consider the merits of the petition. *See Commonwealth v. Derrickson*, 923 A.2d 466, 468-469 (Pa. Super. 2007), *appeal denied*, 934 A.2d 72 (Pa. 2007). In this case, Appellant's PCRA petition did not allege that he satisfied one of the PCRA's timeliness exceptions. Accordingly, he failed to plead and prove the applicability of a timeliness exception and the PCRA court properly held that it lacked jurisdiction over his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2016