J-S17005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN AHMAD CLARK | |
| Appellant | No. 807 MDA 2020 |

Appeal from the PCRA Order entered May 1, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0002723-2013

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: AUGUST 19, 2021**

Appellant, Justin Ahmad Clark, appeals *pro se* from the May 1, 2020 order entered in the Court of Common Pleas of Dauphin County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. Following review, we affirm.

Following trial in April 2014, a jury convicted Appellant of first-degree murder, attempted murder, and carrying a firearm without a license.[1] Appellant was eleven days shy of his 18th birthday when he committed the offenses. The trial court summarized the basic factual history of the case as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S.A.§§ 2502(a), 901 (2502(a)), and 6106(a)(1), respectively.

[On March 9, 2013,] Rob Burris was walking near the intersection of Mayflower and 14th Street, in the Allison Hill section of the City of Harrisburg, when he was struck and killed by a bullet to his head. Jonathan Ramsey ("Ramsey") testified that [Appellant] asked him for a ride to Vernon Street in Harrisburg, Pennsylvania, because he wanted to confront an individual named Bennie Chisolm. Ramsey drove Clark in the front passenger seat to 14th and Vernon, at which point [Appellant] indicated that he saw an individual known to associate with Chisolm, nicknamed "Mano." [Appellant] told Ramsey to "spin the block," and Ramsey proceeded to drive down 14th Street, turn onto Market and turn onto Mayflower. While Ramsey was driving around the block he saw [Appellant] retrieve a gun from his clothing. [Appellant] instructed Ramsey to pull up at 14th and Mayflower and to stop. [Appellant] then rolled down the window and started shooting towards a group of people. Rob Burris suffered a gunshot wound to the back of his head. Based on the location of the wound and the bullet's trajectory, Rob Burris, most likely, died instantaneously.

Trial Court Memorandum and Order, 10/10/14, at 1-2 (citations to record omitted).

On June 23, 2014, the trial court sentenced Appellant to concurrent sentences of life in prison without parole ("LWOP") on the homicide conviction, 20 to 40 years in prison for attempted murder, and three to six years in prison for the firearms violation. This Court affirmed Appellant's judgment of sentence, *Commonwealth v. Clark*, No. 2005 MDA 2014 (Pa. Super. filed July 21, 2015), and our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Clark*, 132 A.3d 456 (Pa. 2016).

On March 1, 2017, Appellant filed a timely *pro se* PCRA petition.[2] Appointed counsel filed a supplemental petition, followed by a motion to preserve a challenge to the constitutionality of the sentence, in light of the United States Supreme Court's January 2016 decision in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), holding that the prohibition against mandatory LWOP sentences for juvenile offenders, announced in ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), was retroactive on state collateral review.

The PCRA court issued an order preserving the sentencing issue. Following a hearing on July 17, 2018, the court resentenced Appellant to a term of 45 years to life in prison for the murder conviction, concurrent with sentences of 20 to 40 years for attempted murder and three to six years for the firearms violation.

On July 26, 2018, Appellant's counsel filed a post-sentence motion and, subsequently, a notice of appeal from his judgment of sentence. The appeal was later dismissed for failure to file a brief. ***Commonwealth v. Clark***, No. 1668 MDA 2018 (Pa. Super. filed March 28, 2019).

In addition to filing a post-sentence motion on July 26, 2018, Appellant filed an amended PCRA petition. By order entered August 13, 2018, the PCRA court dismissed Appellant's PCRA petition and Appellant appealed. On appeal to this Court, we vacated the PCRA court's August 13, 2018 order, finding that

---

[2] The Honorable Andrew H. Dowling presided over the trial as well as all PCRA proceedings.

- 3 -

Appellant was denied his rule-based right to counsel on his timely first PCRA petition. *See Commonwealth v. Clark*, No. 1509 MDA 2018 (Pa. Super. filed September 9, 2019). We remanded the case for appointment of new counsel, with instruction for counsel to file an amended petition or proceed in accordance with *Turner/Finley*[3] and seek to withdraw as counsel. *Id.*

Following remand, Wendy L. F. Grella, Esquire, was appointed as counsel. Attorney Grella subsequently filed a 158-paragraph motion to withdraw in which she provided the procedural background, addressed each of the six claims Appellant asserted in his PCRA petition, and explained why each claim lacked merit. In addition to averring that she had carefully reviewed the record before concluding Appellant was not entitled to relief, counsel indicated that she provided a letter to Appellant outlining her reasons for seeking to withdraw. Motion to Withdraw, 2/24/20, at ¶ 63.

By order entered February 27, 2020, the PCRA court granted counsel's motion to withdraw and provided notice in accordance with Pa.R.Crim.P. 907 of its intention to dismiss Appellant's petition. On March 16, 2020, Appellant filed a detailed response. On May 1, 2020, following review of the "complete record . . . and [Appellant's] response" to the Rule 907 Notice, the PCRA court denied Appellant's request for relief, noting there was "no genuine issue

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

concerning any material fact, and [Appellant] is not entitled to post conviction relief." Order, 5/1/20, at 1. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider the following five issues in this appeal:

1. Did the PCRA court err in failing to find [Appellant's] trial counsel ineffective in conceding [Appellant's] guilt?

2. Did the PCRA court err in failing to find [Appellant's] trial counsel ineffective for failing to request jury instruction for a lesser degree of homicide?

3. Did the PCRA court abuse its discretion in exceeding the legislative intended sentence for juvenile offenders again when resentencing [Appellant]?

4. Did the PCRA court err in failing to find Brady/Napue violation in Commonwealth's failure to disclose impeachment evidence?

5. Did the PCRA court err in failing to vacate [Appellant's] conviction in light of Pennsylvania Supreme Court precedent applicable regarding illegal search and seizure of cell phone evidence?

Appellant's Brief at 3 (alterations omitted).

Our Supreme Court recently reiterated the applicable standard and scope of review as follows:

Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. *Commonwealth v. Mason*, 634 Pa. 359, 130 A.3d 601, 617 (2015). The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court. *Commonwealth v. Hanible*, 612 Pa. 183, 30 A.3d 426, 438 (2011). . . . The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon

this Court. *Mason*, 130 A.3d at 617. However, we review the PCRA court's legal conclusions *de novo*. *Id.*

*Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

Appellant's first two issues involve claims of trial counsel ineffectiveness.

In *Commonwealth v. Spotz*, 84 A.3d 294 (Pa. 2014), our Supreme Court summarized the legal framework governing such claims, stating:

> A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [*Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010) (citing *Strickland v. Washington*, 104 S.Ct. 2052 (1984)]. In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part inquiry. *See* [*Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson*, [620 Pa. 20], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. *See Ali, supra*. Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Colavita*, 993 A.2d at 887. To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. King*, 618 Pa. 405, 57 A.3d 607, 613 (2012). "A reasonable probability is a probability that is

sufficient to undermine confidence in the outcome of the proceeding." *Ali*, 10 A.3d at 291.

*Id.* at 311-12 (cleaned up).

In his first issue, Appellant alleges the PCRA court erred for not finding trial counsel ineffective based on counsel's "concession" that Appellant was guilty of carrying a firearm without a license. The PCRA court deemed the issue mertiless, as outlined by PCRA counsel in her Motion to Withdraw.[4]

In the motion to withdraw, counsel explained that Appellant "testified at trial that he transported a firearm in his vehicle to Lancaster, Pennsylvania; [Appellant] admitted that he committed the offense of Firearms not to be carried without a license." Motion to Withdraw, 2/24/20, at ¶ 71. To prove ineffectiveness, Appellant was required to show that counsel had no reasonable basis for conceding the offense during closing arguments. *Id.* at 72. Because Appellant admitted to the offense during his testimony, counsel properly "concede[d] this particular offense in order to keep credibility with the jury for the remaining portions of defense's closing argument." *Id.*

Appellant suggests that, "notwithstanding appellants ill-advisied testimony, trial counsel violated appellants constiutitonal rights to due process." Appellant's Brief at 15 (verbatim). We find Appellant's contention unavailing. As PCRA counsel recognized, "[I]n trial counsel's closing argument

---

[4] References to PCRA counsel in the discussion of Appellant's issues on appeal refer to Attorney Grella.

- 7 -

he makes clear that [Appellant] did not have anything to do with the homicide but did transport the gun to Lancaster, Pennsylvania." Motion to Withdraw, 2/24/20, at ¶ 73. Counsel had a reasonable basis for conceding that Appellant carried a firearm without a license, *i.e.*, to maintain credibility in the face of Appellant's own testimony. In doing so, trial counsel did not confuse the jury into believing that Appellant was guilty of the remaining charges or that he had anything to do with the homicide. Trial counsel was not ineffective for conceding Appellant's guilt of the firearms charge, in light of Appellant's own testimony. Appellant's first claim fails.

Appellant next argues that trial counsel was ineffective for failing to request an instruciton on a lesser degree of homicide. The PCRA court also deemed this issue meritless for the reasons set forth by PCRA counsel, and adopted counsel's reasoning in support of its conclusion.

In her motion to withdraw, counsel acknowledges that while the issue of requesting a jury instruction on lesser degrees of homicide has been asserted as the basis for an ineffectiveness claim, "no relief can be granted in the absence of some evidence existing in the record to support the lesser degree of homicide." Motion to Withdraw, 2/24/20, at ¶ 82 (citing **Commonwealth v. Carter**, 466 A.2d 1328 (Pa. 1983) and **Commonwealth v. Ulatoski**, 407 A.2d 32 (Pa. Super. 1979)). However, Appellant contends that the failure to request a lesser-degree charge not only deprived him of due process, but also precluded the jury "from exercising its mercy dispensing

power attached to optional verdicts . . . result[ing] in his conviciton of first-degree murder, punishable by death or life without parole." Appellant's Brief at 25. "[I]f a charge was given on third-degree murder, . . . and the jury had found appellant guilty of that degree of homicide, appellant would not and could not receive a sentence of LWOP." *Id.*

Here, Appellant testified he had nothing to do with the homicide. Because "the defense's theory of the case was that [Appellant] did not commit the offense, . . . it is not ineffective for trial counsel to argue for the jury to acquit [Appellant] on 1st degree murder. Trial counsel had a reasonable basis for not requesting additional jury instructions." Motion to Withdraw, 2/24/20, at ¶ 87-88. We agree with the PCRA court's conclusion that the issue is meritless and Appellant is not entitled to relief.

In his third issue, Appellant argues that the court abused its discretion upon resentencing by imposing a sentence of 45 years to life for his first-degree murder conviction. As such, Appellant presents a discretionary aspects of sentence claim.

When considering a discretionary aspects of sentence claim,

[w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations, and modifications omitted). Our review confirms that Appellant satisfied the first three prongs set forth in *Moury*. Therefore, we must determine whether Appellant has raised a substantial question for our review.

In *Commonwealth v. Mastromarino*, 2 A.3d 581 (Pa. Super. 2010), this Court noted that "[a] substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." *Id.* at 585 (citation omitted); *see also* 42 Pa.C.S.A. § 9781(b).

Appellant argues that the sentencing court abused its discretion by deviating "from the statutorily authorized language of 18 Pa.C.S.A. § 1102.1(a) in resentencing appellant to ten (10) years more than the thirty-five (35) years authorized by § 1102.1(a)," thus presenting a substantial question whether the sentence was "absolutely inconsistent with § 1102.1(a)'s central theme, the rehabilitation of juvenile offenders." Appellant's Brief at 28. We accept that Appellant has presented a substantial question for review.

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather,

- 10 -

the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Lekka***, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

As this Court recognized in ***Lekka***, Section 1102.1 was enacted in the wake of ***Miller, supra***, and sets forth the sentences to be imposed upon juvenile offenders, such as Appellant, who are convicted of first- or second-degree murder on or after June 25, 2012, when ***Miller*** was issued. ***Id.*** at 350. As pertains to Appellant, a juvenile offender less than 18 years old but at least 15 years old at the time of the murder "shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, **the minimum of which shall be at least 35 years to life**." 18 Pa.C.S.A. § 1102.1(a)(1) (emphasis added). Section 1102.1 does not prohibit a sentencing court from imposing a minimum sentence greater than provided in the statute. 18 Pa.C.S.A. § 1102.1(e).[5] Here, the Commonwealth argued that the mandatory minimum was insufficient, given the facts of the case, and

---

[5] The statute also sets forth factors that a court must consider when determining whether to sentence a juvenile offender to life without possibility of parole, including age-related characteristics such as the defendant's mental capacity, maturity, and degree of criminal sophistication. 18 Pa.C.S.A § 1102.1(d). While the Commonwealth expressed its belief that a life sentence was warranted in this case, the Commonwealth did not seek a life sentence without parole, suggesting that ***Miller*** has made it virtually impossible to recommend a sentence of LWOP. Notes of Testimony, Re-Sentencing Hearing, 7/17/18 at 22-23.

suggested that a sentence of 45 years to life would be appropriate. Notes of Testimony, Re-Sentencing Hearing, 7/17/18, at 23-25. The court subsequently imposed the 45-years-to-life sentence and indicated the reasons for the sentence were articulated at length at Appellant's 2014 sentencing hearing. *Id.* at 25-26. Our review of the 2014 sentencing hearing establishes that the court not only reviewed the presentence investigation report, but also considered the factors set forth in 42 Pa.C.S.A. § 9721(b).[6] Based on our review, we cannot discern abuse of discretion on the part of the court in resentencing Appellant to 45 years to life for his first-degree murder conviction. Appellant's third issue fails.

In his fourth issue, Appellant contends the PCRA court erred for failing to find a *Brady/Napue*[7] violation for the Commonwealth's failure to disclose "impeachment evidence." At issue is the testimony of witness Jonathan Ramsey, the driver of the vehicle from which Appellant fired a gun into a crowd, killing innocent bystander, Rob Burris. Appellant claims after-

_____

[6] In *Commonwealth v. Summers*, 245 A.3d 686 (Pa. Super. 2021), this Court reiterated that "[i]n cases where the Commonwealth does not seek a LWOP sentence, the sentencing court should apply the traditional sentencing considerations under 42 Pa.C.S. § 9721(b) of the Sentencing Code when fashioning its sentence." *Id.* at 693 (citing *Lekka*, 210 A.3d at 355, in turn citing *Commonwealth v. Batts* ("*Batts II*"), 163 A.3d 410, 460 (Pa. 2017)). "The sentencing court is not required to consider the *Miller* factors in [cases where the Commonwealth does not seek a LWOP sentence]." *Id.* (citations omitted).

[7] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1969); *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173 (1959).

discovered evidence indicating that Ramsey, who also was charged with murder and attempted murder, received consideration for his perjured testimony at Appellant's trial. However, as PCRA counsel explains in the Motion to Withdraw, Ramsey was not offered any type of consideration for his testimony. Motion to Withdraw, 2/24/20, at ¶ 95 (citations to notes of trial testimony omitted).

As counsel recognizes, to obtain relief based on after-discovered evidence, an appellant must demonstrate that the evidence satisfies a four-part test, one prong of which is that the evidence will not be used solely to impeach the witness. *Id.* at 98 (citing *Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012), in turn citing *Commonwealth v. Pagan*, 997 A.2d 270, 292 (Pa. 2008)). Because the "evidence" in question would be used solely to impeach the credibility of Ramsey, Appellant does not satisfy the criteria of *Foreman* and *Pagan*, and Appellant is not entitled to relief. The PCRA court determined Appellant's fourth issue was meritless for the reasons set forth in the Motion to Withdraw. We find no abuse of discretion in that conclusion. Appellant is not entitled to relief based on "after-discovered evidence."

In his fifth and final issue, Appellant argues PCRA court error for failing to vacate Appellant's conviction in light of a new constitutional right established by *Commonwealth v. Fulton*, 179 A.3d 475 (Pa. 2018), and claims his cell phones were illegally searched without a warrant. However,

testimony at trial established that while the arresting officer observed Appellant's two phones ringing and vibrating while Appellant was in custody, the officer did not access either device. Motion to Withdraw, 2/24/20, at ¶¶ 147-154. Unlike **Fulton**, the officer did not indicate that he opened, accessed, or used either device. Further, the Commonwealth secured a search warrant for the information that was obtained from the phones and presented at trial, and trial counsel stipulated to the admission of the records obtained by means of the warrant. **Id.** at ¶¶ 156-157. Appellant is not entitled to relief on his fifth issue.

Because we find no abuse of discretion in the PCRA court's denial of relief, or in its imposition of a sentence of 45 years to life for Appellant's first-degree murder conviction, we shall affirm the May 1, 2020 order denying Appellant's PCRA petition.[8]

Order affirmed.

_____

[8] We note that the Commonwealth filed an Appellee's Brief, which we expected would present the Commonwealth's counter-arguments to the arguments presented in Appellant's Brief. However, we were disappointed and dismayed to discover that the entirety of the argument section of the Commonwealth's Brief, after an introductory paragraph, is nothing more than a verbatim reproduction—in paragraph form—of Paragraphs 65 through 157 of PCRA counsel's Motion to Withdraw—even including issues raised in that motion that Appellant did not pursue on appeal to this Court—without so much as an acknowledgement that the entire argument was "borrowed" from the Motion to Withdraw.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/19/2021